Davis *vs.* The State.

Nò. 129.—JOSEPH DAVIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Where there are several indictments or presentments pending against a defendant, and upon arraignment he pleads guilty, by mistake, to one when he intended it to be to another, the error may be corrected, notwith-standing the entry has been made on the indictment or presentment and transferred to the minutes of the Court.

Indictment for playing and betting at cards, in Cherokee Superior Court. Tried before Judge BROWN, April Term, 1856.

At the April Term, 1854, of Cherokee Superior Court, the Grand Jury found a presentment against Joseph Davis for playing and betting at cards, on the 10th day of February, 1854. At the April Term, 1855, the Grand Jury returned a special presentment against Davis for playing and betting at cards on the 4th day of April, 1855. On which presentment, at the same term of the Court, he filed a plea of guilty, and was fined by the Court.

At the April Term, 1856, of said county, the defendant was placed upon his trial on the first indictment, having filed the plea of " former conviction."

The Solicitor General read in evidence the first presentment of the Grand Jury, when Counsel for the defendant offered in evidence the second presentment, and offered to prove by J. L. Keith, the Clerk of the Court, that the plea of guilty was entered by mistake on the second presentment, and that it was intended to be filed and pleaded to the first presentment. The Court rejected the evidence; and Counsel for defendant excepted.

The Solicitor General then proved by ZACHARIAH M. HARRIS, that he saw defendant, before the finding of this presentment, to-wit, about the 10th day of February, 1854, in the County of Cherokee playing cards at a game of poker for money.

Davis *vs*. The State.

The Jury found the defendant guilty; whereupon, Counsel for defendant moved the Court for a new trial, upon the following grounds:

1st. Because the Jury found contrary to law.

2d. Because the Jury found contrary to the evidence.

3d. Because the Court erred in deciding that the Judge, without a Jury, should hear and determine upon the facts and merits of the plea of former conviction filed by the defendant in said case.

4th. Because the Court erred in hearing, determining and over-ruling said plea of former conviction, without the intervention of a Jury.

5th. Because the Court erred in refusing to permit the defendant to prove by parol evidence the identity of the offence charged in said indictment, with the offence of which, the defendant alleged, by his said plea, that he had been formerly convicted.

The Court over-ruled the motion for a new trial, and Counsel for defendant excepted.

IRWIN & LESTER, for plaintiff.

SOL. GEN. PHILLIPS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Assuming that the mistake existed, ought the Court to have permitted it to be shown? We think so, most clearly. We know of no limit to the power of the Court to rectify errors in its own proceedings, provided third persons are not prejudiced.

Are not the judgments of this Court—of all Courts—constantly corrected? And should they not be until they speak the truth? And what injury can result from allowing this to be done? The defendant pleads guilty to the presentment of April, 1854, the oldest and first found against him, and puts the State upon proof of the other two.

Should a citizen be imprisoned in the penitentiary under such circumstances? There are two indictments against him —one for an assault, and the other for an assault with intent to murder. By mistake, he pleads guilty to the last, instead of the first. The bare suggestion shocks the common understanding of every man. And if this would not be tolerated, why should he be prosecuted for gaming, or any other crime upon a confession of guilt, which he never intended to make?

As to whether or not the mistake exists, it is a question for the Jury; and the fact of the entry being made on the presentment and on the minutes, is only *prima facie* evidence, and imposes upon the defendant the burden of establishing his case by proof.