Gauldin *vs.* Crawford.

GAULDIN *vs.* CRAWFORD.

1. If a brief of the evidence be agreed upon by the counsel of the parties at the Term when the case was tried, in which it is consented that the original interrogatories and the documentary evidence referred to in the brief, may be used, when the brief of the evidence may be necessary, that is a sufficient compliance with the rule of Court; moreover, the party so consenting cannot take advantage of the failure or omission to incoporate the written testimony into the brief.

2. If a brief of the testimony be agreed upon by counsel at the term when the case is tried, that agreement may be entered upon the minutes at any subsequent time.

Gauldin *vs.* Crawford.

3. The LV. and LVII. sections of the Judiciary Act of 1799, as to grant-ing new trials, expounded.
4. The practice of withdrawing original papers from the Clerk's office, which, by agreement, constitute a part of the brief of the testimony agreed upon for the purpose of applying for a new trial, condemned.
5. All Courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible.

Motion to dismiss rule for New Trial, from Decatur county. Decided by Judge ALLEN, October Term, 1859.

An action on the case having been brought in favor of Milton Crawford, against John P. Gauldin, resulted in a ver-dict for the defendant.

The plaintiff then moved a rule for a new trial to be heard at the next, viz: the October Term, 1859.

On hearing the rule, counsel for defendant moved to dis-miss the same, on the following grounds:

1st. That the rule *nisi* issued in said case had not been served.

2d. That no brief of the evidence used on the trial of said case had been approved by the Court.

3d. The agreement of counsel as to said brief had not been entered on the minutes of said Court or otherwise au-thenticated.

4th. That no brief of the evidence used on said trial had been filed in said Court or in the Clerk's office thereof.

5th. That no notice of said application had been served on said Gauldin or his attorney.

It appears, from the bill of exceptions, that no twenty days notice of the rule was served by the movant on the de-fendant, but that when the rule *nisi* was granted, defendant's counsel was present in Court; also, that a paper containing oral evidence, and referring to certain records, writings and documents therein specified, (and which records, etc., it was therein agreed should be used as a part of the brief of evi-dence), had been agreed on and signed by counsel for the parties, but had not been entered on the minutes of the Court or otherwise authenticated. It, however, appeared that counsel for Crawford had handed the paper to the Clerk, who endorsed thereon, " filed in office May 4, 1859," and

Gauldin *vs.* Crawford.

that afterwards, during the term, said counsel had taken the same, with the papers referred to, out of the Clerk's office and kept the whole in his possession in Albany until the succeeding term. It did not appear that this brief of the evidence had been approved by the Court.

After hearing argument, the Court refused to dismiss the rule for a new trial on all the grounds stated.

Whereupon, counsel for defendant excepted, and assigns the same as error.

Bower, for plaintiff in error.

Warren & Warren, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

Was the Court right in refusing the motion to dismiss the application for a new trial in this case?

The motion was made on various grounds. 1st. That the rule had not been served; 2d, that no notice of the application had been served upon Gauldin or his attorney; 3d, that no brief of the evidence had been approved by the Court; 4th, that the agreement of counsel as to the brief of evidence had not been entered upon the minutes or otherwise authenticated; 5th, that no brief of evidence used on the trial of the case had been filed in the Court or the Clerk's office.

The Court refused the motion, but postponed the hearing to the next term of the Court.

The facts are these: A brief of the evidence was agreed upon by counsel in these words: "It is agreed that this is a brief of the evidence in this case, and the original interrogatories and the documentary evidence referred to in the brief, may be used whenever the brief of the evidence may be necessary.

Counsel for Gauldin have, by their agreement, excluded themselves from excepting to the manner in which the brief was made up, viz.: by reference to depositions and papers not incorporated in the brief or attached to it. They have consented that a reference to these papers shall not only be sufficient, but that the originals may be used whenever it

Gauldin *vs.* Crawford.

shall become necessary. It is literally true, too, that the brief so made out and agreed upon was filed in the Clerk's office. The Clerk so certifies, and such is the fact. The complaint is, really, that so soon as this indorsement was made by the Clerk, the counsel for Crawford withdrew the papers from the Clerk's office, and that they had remained ever since in his possession, until the case was taken up to be argued.

Whatever may be the motive, this practice is wrong, and should not be allowed by the Courts. The original papers, made a part of the brief, should remain in the office, unless taken out temporarily or by the consent of the opposite party, or else copies should be procured. If there be any urgent necessity for withdrawing the originals, instead of leaving them in the office, which the parties were bound to do, let them insert copies in the brief.

It is true, that the agreement of counsel was not entered upon the Minutes. Does this justify a dismissal of the rule? This is not like the case cited from the Reports, where the Judge had to rely on his memory at a subsequent term. Here, while the testimony was fresh in the recollection of the parties, they agree upon it and sign the agreement. Is anything more needed to secure the correctness and integrity of the proof? An order might be passed at any time directing this agreement to be entered upon the Minutes. Neither Courts nor governments, nor any other organization, civil or ecclesiastical, can challenge the respect of mankind by anything at this day, which is not founded in reason.

What are the facts, and what is the law of this case, upon the subject of notice?

The statute directs that twenty days notice shall be given by the party applying for a new trial, to the adverse party, of his intention to apply, and the grounds of his application. (*Cobb*, 503.) The Act does not apply, of course, to a motion for a rule *nisi* made at the same term when the trial was had; for that would be to require an impossibility.

A rule *nisi* may be moved for without previous notice. The statute has reference to the term when a rule absolute is asked, or to the term when the rule *nisi* is asked to be made absolute. The law is founded upon the idea, that the rule *nisi* will be applied for at the first term, and notice given to the adverse party twenty days before the next term.

And if there be any departure from this mode of procedure, it must be by consent, and under the peculiar circumstances of the case.

Here the rule *nisi* was moved for at the first term. It stood for a hearing under the Act at the next term, there being no understanding to the contrary. The counsel for Crawford states that the counsel for Gauldin was in Court when the application was made. However true that may be, we place no reliance upon it. But the counsel for Gauldin did at that term agree upon a brief of the evidence, and that the same might be used whenever it was necessary. And for what purpose was this brief of the evidence agreed upon? The law knows of but one purpose, and that was to be used upon the argument of the motion for a new trial in the case. Indeed, he does expressly consent, in writing, that it may be so used.

And is not this tantamount to notice?

Well, when the case is called six months afterwards, there is a further postponement of the cause, in order to silence any complaint on the ground of surprise.

Rather than that justice should be defeated—by which I mean a failure to hear the motion for a new trial on its merits—I am not prepared to say that the Courts ought not to grant time to serve the notice. Parties are too often prejudiced by an assumption which we know full well has no foundation in fact—*want of notice.* If they will insist on the letter of the law—the pound of flesh—they must not complain if the Courts, to prevent injustice, are driven to the necessity of postponing the cause, in order that they may get the benefit of their extreme rights.

So exacting have the public become, that, contrary to all reason, and a proper regard for the rightful distribution of power between the different departments of the government, that they hold the Courts responsible for administering bad law, instead of the Legislature for making it or suffering it to remain on the statute book.

We must endeavor, then, so far as we can, without overstepping the limits of judicial power, so to construe the law and rules of practice as that a judgment upon the merits shall not be defeated upon a hypothesis which has no reality. To be deprived of life, liberty or property, without an opportunity of being heard, is the extreme of tyranny. But while

this rarely ever occurs, in point of fact, how much more common is it for justice to be defeated by feigning ignorance, because the forms of law have not been complied with, or strictly pursued in giving notice of legal proceedings?