### TEASLEY *v.* THE STATE.

Even if a minor is, under any circumstances, liable to a prosecution for vagrancy, the evidence in this case was not sufficient to show that the accused was without means of support during the period in which the State insisted he was a vagrant.

Argued November 20,—Decided November 29, 1899.

Indictment for vagrancy. Before Judge Reese. Hart superior court. September term, 1899.

*Asbury G. McCurry*, for plaintiff in error.
*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

Lewis, J. Plaintiff in error was tried on an indictment in Hart superior court, charging him with the offense of vagrancy. The indictment was evidently founded upon section 453, par. 3, of the Penal Code, as it charged that the defendant was "a person able to work, and, not having some visible and known means of a fair, honest, and reputable livelihood, and having no property to support him, did not work." It appears from the record that the defendant was a minor, and that his mother was still living in the county where he was tried. It further appears that this minor had been to Atlanta, Ga., where he had been staying with his brother, and while there for a few months

was engaged in work, from which he had accumulated some money. He came home from Atlanta on a visit to his relatives in Hart county. He had a brother and sister in Hartwell, and a mother in the country a few miles distant. The testimony in the case, even on the part of the State's witnesses, is conflicting and confusing as to what length of time he spent in Hart after returning from Atlanta and before being indicted; this being the period of time in which the State insisted he was a vagrant. The evidence relied on for a conviction was to the effect that during this period for several months his time was spent mainly in idleness upon the streets, the witnesses not knowing of any visible means he had of support. On the other hand, the testimony was uncontradicted that while in Hartwell he was taken care of either by his brother or sister, occasionally made visits to his mother in the country, spent his nights and ate alternately at the home of some of these relatives, and was always welcome there. There was also evidence showing that he brought with him from Atlanta some money; what amount does not appear. The minor's father was dead. There was no testimony in the record showing that his mother was not able and willing to support the defendant. She had married the second time a man with property. The jury returned a verdict of guilty. The accused moved for a new trial, and excepts to the judgment overruling his motion.

We question very much whether the penal law on the subject of vagrancy was intended to apply to one who is a minor. The law makes other provision for the care of minors who are without visible means of support. Section 2605 of the Civil Code makes it the duty of the judge of the county court or ordinary to bind out all minors whose parents are dead, or whose parents reside out of the county, the profits of whose estates are insufficient for their support and maintenance; and also, all minors whose parents, from age, infirmity, or poverty, are unable to support them. If a minor, therefore, be found in this situation idle, doing no work, and without means of support, the law contemplates, if he is able to work, that he should be bound out by the county official, and in this way be forced to work and earn a livelihood. In such cases we think, to say

the least of it, this is a much wiser course to pursue than a prosecution for vagrancy. But we are quite clear that when it is shown a minor has a parent who has not forfeited or surrendered the right of dominion and control over him, and who could not, under the law, escape the duty of supporting and maintaining him; and where there is no evidence that such parent is not able and willing to support the minor child, there can be no conviction under the allegations in this indictment. The existence of such a parent is itself in law a visible and known source of a livelihood to the minor. In the light of the testimony, therefore, in this case, we think the court erred in not granting a new trial upon the ground that the evidence was insufficient to support the verdict.

*Judgment reversed. All the Justices concurring.*