## JOHNSON v. THE STATE.

LUMPKIN, J.  Under the act of 1903 (Acts 1903, p. 46) on the subject of vagrancy, it was held in *Braswell* v. *State*, 119 *Ga.* 72, that "Where upon the trial of a minor, between sixteen and twenty-one years of age, for vagrancy, there was no evidence that her parents were unable to support her, a conviction was unwarranted, and a new trial should have been granted upon the ground that the verdict was without evidence to support it."  If the minor was under sixteen years of age, she could not be convicted of vagrancy.  *Teasley* v. *State*, 109 *Ga.* 282; *Henderson* v. *State*, 112 *Ga.* 19.  The act of August 23, 1905, contains a provision similar to that contained in the act of 1903, in regard to persons over sixteen years of age able to work and who do not work, and have no property to support them, and who are not in attendance upon some educational institute.  (Acts 1905, p. 109, sec. 1, subsec. 8.)  It follows from the former rulings of this court, and from the making of a special provision in the act of 1905 in regard to children over sixteen years of age, that if the child is less than that age, he or she is not subject to be convicted of vagrancy thereunder.

*Judgment reversed.    All the Justices concur.*

Submitted November 20,—Decided December 21, 1905.

Accusation of vagrancy. Before Judge Little. City court of Sparta. September 19, 1905.

*T. M. Hunt* and *R. H. Lewis,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.