*George B. Davis, S. P. New,* for plaintiff in error.
*E. L. Stephens, solicitor-general,* contra.

---

### 6331.  JOHNSON *v.* THE STATE.

WADE, J.  1. Under all the circumstances shown by the testimony, this court can not say that the trial judge abused his discretion in refusing to continue the case on account of the alleged illness of the defendant's mother.

2. The court erred in overruling the motion for a continuance in so far as the motion was based upon the absence of two certain witnesses, for though, according to the certificate of the presiding judge, "it did not appear that either of them resided in the State," the uncontradicted testimony showed, that while neither of them had any fixed home in the county where the trial took place, "except in such places as they hired

out," both had been working in that county for some time just previous to the trial, and were presumably (since nothing appeared to the contrary) still within the limits of the State and within reach of its processes, and both had been duly subpœnaed and both had agreed to be present and testify at the trial of the accused; their evidence was clearly ·material; and it appeared that they were not absent by the procurement or consent of the accused; that the motion was not made for delay, but for the purpose of securing their testimony; that the accused expected to have them present at the next term of the court; and that during the previous week one of them had been seen in the town where the trial occurred, and was then subpœnaed, and then promised to be present at the trial. It further appeared that the court ordered attachments for these two witnesses on the day preceding, but the clerk was uncertain whether the attachments had actually issued or not; and it also appeared, from the testimony of the accused, that he made personal efforts to see the witnesses on the day before, after his case had been postponed for the day by the court, but was unable to find either of them.

3. Since the court erred in overruling the motion to continue, and all else that occurred at the trial was therefore nugatory, it is unnecessary to discuss the other exceptions presented in the record.

*Judgment reversed.*

DECIDED MAY 4, 1915.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall. January 22, 1915.

*Smith, Reese & Smith,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

BROYLES, J., dissenting. An application for a continuance of a case is always addressed to the sound legal discretion of the court, and the court's discretion will not be controlled unless it has been manifestly abused. In this case I do not think that this court can hold as a matter of law that the learned trial judge abused his discretion in overruling the motion for continuance.