### 10148. FARLEY v. THE STATE.

Where a defendant in a criminal case has entered a plea of guilty and sentence has been pronounced thereon, he can not as a matter of right withdraw the plea. His motion to be allowed to do so is addressed to the sound, legal discretion of the court, and the judgment thereon will not be controlled unless a manifest abuse of such discretion appears. Where, however, in such a case the accused, during the same term of court, files a written motion to be allowed to withdraw his plea of guilty, and, from uncontradicted evidence in support of the motion, it appears that the plea was entered under a misapprehension by him as to the offense to which he was pleading guilty, and that he thought he was pleading guilty to another offense, refusal to grant the motion is an abuse of discretion.

DECIDED JANUARY 9, 1919.

Indictment for burglary; from Putnam superior court—Judge Park. October 3, 1918.

*Davidson & Callaway,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BROYLES, P. J. On September 18, 1918, at the September term of the superior court of Putnam county, Ike Farley entered a plea of guilty to an indictment charging him with the offense of burglary; whereupon the court imposed a sentence of twelve months in the chain-gang. On September 21, during the same term of the court, Farley filed a verified motion to withdraw his plea of guilty, upon the following grounds: " (1) That when said indictment was read to defendant he stated that he was guilty of selling cottonseed and was willing to plead guilty to selling cottonseed, but that he did not intend at said time when said indictment was read to him to plead guilty to the offense of burglary, and that said plea of guilty to burglary as charged in said indictment was entered against him without his knowledge that he was pleading guilty to burglary as charged in said indictment, and that he stated to the court when said case was called and said indictment was read to him that he was willing to plead guilty to selling cottonseed, and that he did not intend to plead guilty to the offense of burglary. (2) Movant further says that he can not read nor write and does not know the meaning of pleas, and was not aware that he was pleading guilty to burglary, and that he now comes during the term of court at which said plea was entered and moves to be allowed to withdraw said plea, on the ground that said plea was not so entered by his knowledge and consent. (3) Movant further says that the said plea of guilty is not the plea entered by him in said case, as he only entered a plea of guilty to selling cottonseed, and that he did not intend to enter a plea of guilty of burglary. (4) Movant further says that he was not represented by counsel when said plea was entered, and he did not plead guilty to burglary, and did not know said plea was entered until he had been sentenced. (5) Movant further says that the plea entered was not the plea of defendant, and now, during this the September term, 1918, of said court at which plea was entered, moves to be allowed to withdraw said plea and allowed to plead not guilty, and moves to set aside said plea as not having been entered by him."

Upon the hearing of the motion the only testimony introduced was that of the accused, who was sworn as a witness and testified as follows: (Direct examination) "I plead guilty in a case the other day. I thought I was pleading guilty to selling seed, not to breaking in. I didn't understand that I was pleading guilty to burglary, but to selling seed. I knew they had two cases against me. I thought I was pleading guilty to selling seed of Mr. Alford's." (Cross-examination) "You read that paper to me [referring to indictment], and asked me whether I was guilty or not, and I said I was guilty; I was guilty of selling seed. I understood you to say guilty of selling seed. When I plead guilty I don't remember now you calling another case. I remember you calling two cases against me—one for going in the Milledgeville Oil Mill, and one of Mr. Alford's against me. Anyhow, I understood I was pleading guilty to selling seed. I said I wasn't guilty, when you read the second indictment. I have been sentenced. After the court passed sentence on me I got dissatisfied about it." (Redirect) "I didn't understand I was pleading guilty to burglary; but to selling seed. I knew they had two cases against me. I thought I was pleading guilty to selling seed of Mr. Alford's." (Recross) "I wasn't guilty of stealing seed from this other fellow either. You all didn't split them." (Redirect) "When the cases were called he didn't separate them. I don't know anything about technicalities of pleading. I thought it was all up together. I wasn't guilty of stealing seed from either of them. I was willing to plead guilty to selling seed." (Question by the court) "Ike, this indictment that you plead guilty to was for breaking and entering that cottonseed building, and, after breaking and entering said house, taking and carrying therefrom a certain number of bushels of cottonseed, worth twenty-five dollars. Was that indictment read to you before you plead guilty in open court?" "No, sir. When I walked up you asked me was I guilty? I said I was guilty of selling seed." "Didn't you say you were guilty of breaking into the oil house of the Milledgeville Seed Co.?" "No, sir." "You claim you didn't understand what you were charged with?" "I thought I was pleading guilty to selling seed." This testimony of the accused evidently impressed the trial judge, for, immediately after hearing it, he made the following oral announcement: "If the defendant in this case will announce

ready, I will open this case; if he does not, I will not. I don't want the case continued. These cases stand on the same footing of opening a default in a civil case. Where a default is opened, the party in whose favor it is opened has to announce ready for trial. If you can get ready for trial by half past one o'clock I will open it. I want it to appear the indictment was read in open court to the defendant before he entered the plea. You can put in the record it is now ten-thirty o'clock, a. m."

After this announcement by the court, as appears from the bill of exceptions (the truth of which is certified to by the trial judge), "the solicitor-general never called said case for trial at half past one o'clock, and never called said case for trial during the balance of said term, the said 21st day of September, 1918, being on Saturday, the last day of the term of September superior court, 1918, of Putnam county, and the said court never ordered the solicitor-general to take up said case for trial in accordance with the order made by said court on passing on said motion. But the solicitor-general called and placed on trial other cases against other defendants, and during the trial of the last case tried at said term of court, and while one of the counsel for movant was arguing case to a jury in behalf of another defendant, the court dismissed all jurors and parties and witnesses not engaged in the case on trial, for the term; and while said case was on trial, without movant ever having an opportunity to announce ready for trial in said case, as provided by the order made and passed by the court on the hearing of said motion, the court made and passed an order denying said motion." While, of course, the mere oral announcement by the court did not amount to a judgment, it did, we think, throw a flood of light upon the case, inasmuch as it tended strongly to show that in the opinion of the trial judge the motion pending before him was meritorious. It is our opinion that, under the particular facts of this case as hereinbefore set forth, the court erred in denying the defendant's motion to be allowed to withdraw his plea.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*