CUMMINGS, jailor, *v.* PERRY.

JENKINS, Justice. 1. "A plea of guilty stands upon the same footing as a conviction by a jury, and has the same force and effect as a verdict of guilty," and therefore amounts to an adjudication as to the existence of every element necessary to the establishment of guilt of the offense charged. *Ford* v. *State,* 162 *Ga.* 422 (4-a), 426 (134 S. E. 95), and cit.; *Jackson* v. *Lowry,* 171 *Ga.* 349, 350 (155 S. E. 466); *Smith* v. *State,* 64 *Ga. App.* 312 (13 S. E. 2d, 96); *Corley* v. *State,* 64 *Ga. App.* 841, 849 (14 S. E. 2d, 121).

2. Since under the rulings of this court no conviction of a person under the age of sixteen could be had under the vagrancy statutes as amended (*Johnson* v. *State,* 124 *Ga.* 421, 52 S. E. 737, and cit.; *Stevens* v. *State,* 118 *Ga.* 806, 45 S. E. 615; Code, § 26-7001 and subsections), a voluntary confession of guilt on an accusation charging vagrancy amounts to an adjudication that the accused was of the age required by law.

3. A discharge under a writ of habeas corpus, after a plea of guilty by one accused of crime, can not be granted except in cases where the judgment is absolutely void, for the reason that the function of the writ in

criminal cases is not to test the truth of any fact essential to the establishment of guilt, but only to discharge one convicted of crime where the judgment is wholly void. *Kinman* v. *Clark*, 185 *Ga.* 328, 330 (195 S. E. 166), and cit. Accordingly, a writ of habeas corpus can not be properly employed as a substitute for a motion to withdraw a plea of guilty improperly entered; and the judge erred in discharging such an applicant. *Judgment reversed. All the Justices concur.*

No. 14200. SEPTEMBER 15, 1942.

*Hubert Calhoun, solicitor-general,* and *J. R. Thompson Jr., solicitor,* for plaintiff in error.

*Joseph S. Ray,* contra.