## 35550. FROST *v.* THE STATE.

DECIDED MARCH 11, 1955.

*William T. Darby, Nat O. Carter, J. Ellis Pope,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

TOWNSEND, J. Both motions to continue the case were based upon a physician's affidavit dated May 22, certifying that the witness "is now a patient in Claxton Hospital, Dublin, Georgia, receiving treatment for hypotension, secondary anemia, and chronic cholecystitis. In my opinion, she is unable to attend court at this time, or at any time in the near future as she is now confined to her bed in the hospital, and has an unfavorable prognosis." The defendant fully complied with the requirements of Code § 81-1410 by offering testimony from which it appeared that the witness was absent; that she had been subpoenaed; that she resides in the county where the case is pending; the facts to which she would testify, which were material to the cause; that she was not absent by permission of the defendant; that he expected to be able to procure her testimony at the next term of court; and that the application was not made for the purpose of delay, but to enable him to procure the testimony of such witness. He further testified that, on the afternoon of May 26, he talked with the doctor again and was told by the latter that he should take his mother home from the hospital. "He told me that I would have to bring her home; that he had talked with the judge, and he demanded that she be in court this morning, but she was not able to be in court. He said, 'Carry her home and carry her to some other doctor closer by,' that you can get in touch with a closer doctor." No counter-showing whatever was offered by the State. The court stated, on the motion made on May 26, that "the court has talked with Dr. Claxton this morning, and he says the witness will be able to be in court tomorrow morning." On May 27, the court asked the defendant a number of questions, from which it appeared that the court expected the defendant to reply that he had, as a matter of fact, told the doctor his mother had been subpoenaed in justice court in a case that didn't amount to anything; this, however, the defendant denied having told the

physician. No testimony was offered regarding any conversation between the court and the doctor.

In *Fox* v. *State,* 9 *Ga.* 373, 376, the following was held: "The discretion in such cases cannot override a clear legal right or dispense with a plain rule of law. If the defendant was by law entitled to the continuance, the court had no discretion to refuse a new trial. The right to a continuance gave him the right to a new trial. There was, as we have seen, no legal objection to the showing for a continuance. Can the court, when the showing is sufficient, refuse it on account of his personal knowledge . . . a knowledge not drawn from evidence before the court, but from his private sources of information? He, beyond all controversy, cannot. He has no discretion to act upon such knowledge. The discretion allowed in applications for a continuance must be within the law, and must spring out of, and be bounded by what transpires in the case. It cannot be justified upon what the court, as a man, may or may not know." See also *Copenhaven* v. *State,* 14 *Ga.* 22. It appears here that the court had private information which was sufficient to convince him as a man that the defendant's motion for a continuance was not made in good faith but for the purpose of delay only, and that, acting on such information, he denied the motion. Were such information in this record, the court does not doubt but that it might have been sufficient to have authorized the trial judge, in his discretion, to deny the continuance, particularly in view of the fact that a motion on the same grounds had been made and granted at a previous term of court. See *Nail* v. *State,* 142 *Ga.* 595 (1) (83 S. E. 226). However, in so far as this record is concerned, the facts to which the defendant testified as to the witness's inability to attend court are uncontroverted. Where the motion complies with all of the requirements of Code § 81-1410, and there is no counter-showing by the State, it is error to refuse to grant the continuance. *Sutton* v. *State,* 46 *Ga. App.* 664 (168 S. E. 911).

The court having erred in denying the motion to continue, all subsequent proceedings were nugatory. *Johnson* v. *State,* 16 *Ga. App.* 287 (3) (85 S. E. 204).

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*