20067. DEAN *v.* BALKCOM, Warden.

MOBLEY, Justice. "A discharge under a writ of habeas corpus, after a plea of guilty by one accused of crime, can not be granted except in cases where the judgment is absolutely void, for the reason that the function of the writ in criminal cases

is not to test the truth of any fact essential to the establishment of guilt, but only to discharge one convicted of crime where the judgment is wholly void. *Kinman* v. *Clark*, 185 *Ga.* 328, 330 (195 S. E. 166), and cit. Accordingly, a writ of habeas corpus can not be properly employed as a substitute for a motion to withdraw a plea of guilty improperly entered." *Cummings* v. *Perry*, 194 *Ga.* 424 (3) (31 S. E. 2d 847). Therefore, where a petition for habeas corpus filed in Tattnall Superior Court fails to allege that the petitioner is being held under a void judgment and fails to make any attack whatever upon such judgment, but simply alleges facts which petitioner contends show a conspiracy on the part of certain individuals in Stephens Superior Court to prevent his being heard in that court on a motion to withdraw his plea of guilty, which he contends he entered improperly—such petition fails to set forth any legal basis for the issuance of the writ, and the trial court did not err in striking the testimony of petitioner and his counsel in support of the petition and in remanding petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1958—DECIDED JUNE 4, 1958.

*Joseph B. McGinty,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General,* contra.