20310. GRAMMER *v.* BALKCOM, Warden.

Mobley, Justice. Petitioner for the writ of habeas corpus was convicted in the Superior Court of Cobb County on a plea of guilty, and he was thereafter confined to the Georgia State Prison in Tattnall County. In his application for habeas corpus in the Superior Court of Tattnall County, he contended that he was denied the benefit of counsel at his trial in Cobb County at the time his plea of guilty was entered, and that he was insane and under the influence of drugs at that time. The defendant demurred to the petition, ". . . on the ground that it appearing that petitioner is held under sentence of Cobb Superior Court imposed on plea of guilty entered by petitioner, motion to withdraw such plea should be filed in Cobb Superior Court, and habeas corpus is not the proper remedy to withdraw such plea." The trial court sustained the demurrer, dismissed the petition, and quashed the writ. *Held:*

1. ". . . A complaint that the defendant was not given the benefit of counsel, if sustained, presents a good ground for issuance of the writ of habeas corpus," since denial of counsel is in violation of the due-process clause of the fourteenth amendment of the Constitution of the United States (Code, Ann., § 1-815) and of art. 1, sec. 1, par. 5 of the Constitution of Georgia of 1945 (Code, Ann., § 2-105), thereby rendering the judgment void. *Wilcoxon* v. *Aldredge,* 192 *Ga.* 634, 638 (15 S. E. 2d 873). See also *Elam* v. *Rowland,* 194 *Ga.* 58 (20 S. E. 2d 572), and *Morris* v. *Peacock,* 202 *Ga.* 528 (43 S. E. 2d 531).

2. "A discharge under a writ of habeas corpus, after a plea of guilty by one accused of crime, cannot be granted except in cases where the judgment is absolutely void, for the reason that the function of the writ in criminal cases is not to test the truth of any fact essential to the establishment of guilt, but only to discharge one convicted of crime where the judgment is wholly void. . . Accordingly, a writ of habeas corpus can not be properly employed as a substitute for a motion to withdraw a plea of guilty improperly entered. . ." *Cummings* v. *Perry,* 194 *Ga.* 424 (3) (21 S. E. 2d 847). Counsel for the State contend that the case of *Dean* v. *Balkcom,* 214 *Ga.* 222 (104 S. E. 2d 126), has clearly established the principle that, where a plea of guilty has been entered, habeas corpus is not the appropriate remedy and cannot be

employed as a substitute for a motion to withdraw the plea of guilty, which they contend is a proper remedy as well as a full and adequate one. No other authority is cited in support of their position. Their construction of the ruling there made is incorrect, for the reason that the petition for habeas corpus in that case did not allege that the petitioner was being held under a void judgment. It made no attack upon the judgment. The case clearly states that in the following language: "Therefore, where a petition for habeas corpus filed in Tattnall Superior Court fails to allege that the petitioner is being held under a void judgment and fails to make any attack whatever upon such judgment, but simply alleges facts which petitioner contends show a conspiracy on the part of certain individuals in Stephens Superior Court to prevent his being heard in that court on a motion to withdraw his plea of guilty, which he contends he entered improperly—such petition fails to set forth any legal basis for the issuance of the writ, and the trial court did not err in striking the testimony of petitioner and his counsel in support of the petition and in remanding petitioner to the custody of the respondent." In this case, petitioner does allege that due process of law was denied him in that he was denied the benefit of counsel, and that the judgment of the Superior Court of Cobb County was void by reason thereof. Accordingly, the trial court erred in sustaining the general demurrer to the petition on the ground of lack of jurisdiction. Since the demurrer to the petition was based solely upon lack of jurisdiction and was, therefore, sustained on that ground, and since the question of sufficiency of the allegations to support the charge that defendant was forced to trial without benefit of counsel has not been considered by the trial court, the case is remanded for further proceedings therein. *Wilcoxon* v. *Aldredge*, 192 *Ga.* 634, supra.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Wm. T. Darby, Nat O. Carter*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General*, contra.