25630. GOODWIN v. SMITH, Warden.

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*Robert D. Peckham,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. This appeal is from an order denying the prayers of Perry Goodwin on his petition for the writ of habeas corpus, wherein he charged that he was being illegally restrained of his liberty by the respondent warden of the State Prison.

In his response the warden alleged that Goodwin was being held by reason of sentences totaling 15 years imposed upon him in December, 1959, by Muscogee Superior Court.

On the hearing of the rule nisi the petitioner testified that he was 48 years old; that on December 18, 1959, he, in open court, entered his written plea of guilty to a 6-count indictment charging him with forgery and 10 counts charging fictitious writing. Before entering his plea the presiding judge informed him of the offenses with which he was charged; that he knew the offenses to which he was pleading guilty. That he had previously served sentences in Maryland on a charge of grand theft; that no one forced him to sign the plea, nor did he request the appointment of counsel. There was no evidence that he was unable to employ counsel or that he was an indigent.

No countershowing was made other than the statement of counsel for the respondent wherein he stated in open court that the solicitor general of the sentencing court was unable to remember what occurred when the plea of guilty was entered.

The trial judge in his order made the following conclusion: "The allegations in this petition to the effect that the defendant entered a plea of guilty without advice of counsel is insufficient to charge that he was *denied* privilege and benefit of counsel. There is no testimony to show that petitioner ever requested that counsel be appointed for him and that when he

was brought before the court, he indicated that he wished to plead guilty to all the charges which the record shows that he did.

"There is a presumption in favor of the validity of a sentence, especially when it is based upon a plea of guilty. The burden of overcoming this presumption is on the prisoner. The prisoner in this case has failed to overcome this presumption with credible testimony or other evidence."

In coming to this conclusion the trial judge was authorized to take into consideration the extended lapse of time from the date of the prisoner's sentence in 1959 and the bringing of the instant petition. In the case of Darrah v. Brierley, 415 F2d 9, 12 (3rd Cir. 1969), the court said: "The long, strange delay in claiming fundamental constitutional rights cannot be ignored. It, of itself, has substantial impact on the appellant's credibility as a witness and affects the quantum of proof necessary to establish the factual prerequisite for habeas corpus relief. As was stated in Dean v. State of North Carolina, 269 FSupp. 986 (M. D. N. Car., 1967) at p. 992: 'While it is generally held that the doctrine of laches is not an absolute bar to the prosecution of a claim for post-conviction relief, it has been recognized that the lapse of time affects the quantum of required proof as well as the good faith and credibility of the moving party.' "

In Edwards v. United States, 256 F2d 707, 709 (D.C. Cir. 1958), cert. den. 358 U. S. 847 (79 SC 74, 3 LE2d 82) (1958), it was said: "It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defense known and unknown. And such is the law."

We agree with the conclusion of the trial judge that the evidence by him was insufficient to demand a finding that the prisoner was denied the benefit of counsel.

*Judgment affirmed. All the Justices concur.*