45460, 45594.  HAMM v. THE STATE (two cases).

EBERHARDT, Judge. Appellant entered pleas of guilty to misdemeanor charges and, after sentence, sought to withdraw them on the ground that the pleas had been entered under a misapprehension and misunderstanding by the defendant as to the consequences of so doing, and that they had not been intelligently entered. His motions to withdraw the pleas were denied and he appeals, enumerating error, inter alia, on the grounds that the trial court erred "in refusing to allow appellant to testify [at the hearing on his motions to withdraw the pleas] as to the facts and circumstances, as he understood and believed them to be attending the entry of the guilty pleas," in "failing to inform appellant of the possible consequences of the guilty pleas before receiving them," and "in refusing to allow appellant to withdraw his guilty pleas [which] were not entered freely and voluntarily and with full knowledge of the possible consequences." No record was made of what, if anything, transpired between the court and the defendant or his counsel when the pleas were entered.

In Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), it was held that convictions for criminal offenses based upon guilty pleas in state courts must be reversed where the arraigning state judge failed to make an adequate record affirmatively showing that the pleas were intelligently and voluntarily entered.[1] It was there stated: "What is at stake for an accused

---

[1] This should not come as a surprise in the light of what had been held in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), relative to the receipt in evidence of confessions, and the manner of determining whether they had been freely and voluntarily made.

facing death *or imprisonment* demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate to any review that may be later sought [citations omitted], and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (Emphasis supplied). Boykin v. Alabama, 395 U. S. 238, 243, supra. To the same effect, see McCarthy v. United States, 394 U. S. 459 (89 SC 1166, 22 LE2d 418). And see Annot. in 97 ALR2d 549; Commonwealth v. Rundle, 428 Pa. 102, 105 (237 A2d 196). The nature of the offense with which he is charged should be made clear to him. *Farley v. State,* 23 Ga. App. 151 (97 SE 870). If there has been plea bargaining (which is not, per se, an offensive matter), the facts should be made to appear in the record. Raines v. United States, 423 F2d 526.

It is to be remembered that a plea of guilty is to be treated as an honest confession of guilt and a waiver of all defenses, known and unknown. *Goodwin v. Smith,* 226 Ga. 118 (172 SE2d 661). Like a confession made out of court, it should be scanned with care and received with caution. "When not made freely and voluntarily a confession is presumed to be legally false, and can not be the underlying basis of a conviction." *McKennon v. State,* 63 Ga. App. 466 (11 SE2d 416). A fortiori, a plea of guilty not freely and voluntarily entered is legally false and can not furnish the basis for imposing punishment. The plea ought never to be received unless it is freely and voluntarily made; and if the prisoner be misled or be induced to enter his plea by fraud, or even by mistake, he ought to be allowed to withdraw it. *Thus we see the importance of making a record which demonstrates whether the plea was freely and voluntarily entered.* The law favors a trial on the merits. *Gauldin v. Crawford,* 30 Ga. 674 (5); *Rowland v. State,* 72 Ga. App. 793 (35 SE2d 372). "In some states statutes have been enacted requiring the judge to admonish the prisoner of the consequences before entering his plea; and it is good practice and in the interest of fairness to do this, even though there is no statute requiring it." *Griffin v. State,* 12 Ga. App. 615, 622 (77 SE

1080). It is now required under the rule of Boykin v. Alabama, supra.

It is true that a motion by the defendant to be permitted to withdraw his plea of guilty is to be granted as a matter of right before sentence, but is addressed to the sound discretion of the court after sentence (*Davis v. State,* 20 Ga. 674), and "If [the] reasons be good in law and the evidence be undisputed, the matter is no longer one of discretion, but the motion prevails as a matter of legal right. If the prisoner says, 'I entered the plea because of a promise that leniency would be shown me, and this promise has not been complied with,' and if this be true and be also a good reason in law for allowing the plea to be withdrawn, then the court has no alternative. The case is taken out of the realm of judicial discretion and the right to withdraw becomes a legal right which must be accorded him. The general rule is that in passing upon the facts, whatever discretion the court has ought to be exercised liberally in favor of the prisoner." *Griffin v. State,* 12 Ga. App. 615, 622, supra. The court is not, of course, concerned with the guilt or innocence of the defendant in passing upon the motion to withdraw a plea of guilty, and it is not its function to evaluate that matter. United States v. Young, 424 F2d 1276. "The opinion of the presiding judge as to the guilt of the accused cannot be made the ground of depriving him of the clear legal rights guaranteed to him by the laws of the land." *Copenhaven v. State,* 14 Ga. 22 (4).

Involved in these appeals are "spin-offs" consisting of post-sentencing motions to vacate the judgments and sentences and to grant defendant the right to withdraw his pleas of guilty and to enter not-guilty pleas to two misdemeanor charges. The arraignment-sentence hearing was not reported, and the approved transcript of that proceeeding, arrived at after probing "murky memories," is silent as to whether defendant intelligently and voluntarily entered his guilty pleas. From all that appears in this transcript, there was no conversation at all between the court and the defendant. Furthermore, it is readily apparent that defendant has never been allowed to testify on his motions to withdraw the guilty pleas. We thus not only have an inadequate record as to the arraignment-sentence hearing, held to be

constitutionally infirm in Boykin v. Alabama, supra, but, as well, non-existent or inadequate records in regard to hearings on defendant's various motions.

Where the record is silent on the matter, there can arise no presumption either that the requirement of ascertaining whether the pleas were being intelligently and voluntarily entered was met before accepting them, or that there was any waiver by the defendant that it be done and that he be informed as to the consequences of entering the pleas. Carnley v. Cochran, 369 U. S. 506, 516 (82 SC 884, 8 LE2d 70); Brookhart v. Janis, 384 U. S. 1 (86 SC 1245, 16 LE2d 314); Boykin v. Alabama, 395 U. S. 238, supra. Just as in passing upon a motion for continuance the judge's discretion "must be within the law, and must spring out of, and be bounded by what transpires in the case. It cannot be justified upon what the court, as a man, may or may not know." *Fox v. State,* 9 Ga. 373, 376. The basis for accepting the pleas and for denying the motions to withdraw them must appear in the record. Cf. *Frost v. State,* 91 Ga. App. 618 (86 SE2d 646).

We are not unmindful that the offenses to which the defendant entered pleas of guilty were misdemeanors, and that there are decisions from courts of other states in which it has been held that in this type of case it will be presumed, where the defendant is represented by counsel, that the plea of guilty was entered voluntarily, and the making of a record for demonstrating it is not required. See Annot. 97 ALR2d 549, 561. However, our attention has not been called to any decision of the courts of this State wherein this distinction based upon the grade of the offense has been made. These decisions antedate those in Boykin v. Alabama, supra, and McCarthy v. United States, supra, and it must be noted, too, that the Supreme Court of the United States has used the "petty offense" test in determining whether, under the Constitution, one is entitled to a jury trial, and has defined a petty offense to be one for which the punishment prescribed by the applicable statute is not greater than six months of confinement. Duncan v. Louisiana, 391 U. S. 145 (88 SC 1444, 20 LE2d 491); Williams v. Florida, 399 U. S. 78 (90 SC 1893, 26 LE2d 446); Baldwin v. New York, 399 U. S. 66

(90 SC 1886, 26 LE2d 437). We believe that this test is appropriate for application under the Boykin rule. The defendant here received a sentence of 12 months in the public works camp on each of the accusations to which he entered pleas of guilty. Cf. *Cummings v. Perry,* 194 Ga. 424 (21 SE2d 847).

Under the authority of Boykin v. Alabama, 395 U. S. 238, supra, the judgments and sentences on the pleas of guilty to accusations Number 1220 and 1222, attacked by the motions to vacate them and allow withdrawal of the guilty pleas, raising an issue as to whether the pleas were intelligently and voluntarily entered, must be reversed because they were accepted by the trial court without an affirmative showing in the record that they were entered voluntarily and understandingly.

*Judgments reversed. Pannell, J., concurs. Jordan, P. J., concurs specially.*

ARGUED JULY 7 AND SEPTEMBER 11, 1970—
DECIDED NOVEMBER 2, 1970—
REHEARING DENIED NOVEMBER 25, 1970.

*Lavender & Cunningham, Woodrow W. Lavender, Fred F. Cunningham,* for appellant.

*William F. Grant, Solicitor,* for appellee.

JORDAN, Presiding Judge, concurring specially. I concur in the judgment of reversal based on the authorities cited in the majority opinion as applied to the limited record before us on these appeals. It is clearly shown that the appellant was adequately represented by employed counsel at the time he entered the pleas of guilty and that such pleas were entered on the advice of counsel. Statements in the State's brief indicate that the court at the time it received the pleas of guilty fully explained the consequences of such pleas and thus met the requirements of Boykin v. Alabama, cited and relied upon in the opinion. However, such statements in the State's brief are not affirmatively supported by the record and hence cannot be taken into consideration by this court.