## 30160. MARTIN v. HOPPER.

NICHOLS, Chief Justice.

The appeal in this case is from a judgment remanding a prisoner to custody in a habeas corpus case. The petitioner is currently serving a 12-year sentence for armed robbery imposed in Fulton County, as well as 17-year and 2-year sentences entered in Cobb County for armed robbery and aggravated assault, all sentences to run concurrently. Each sentence was entered on a guilty plea.

1. The first enumeration of error contends that the prisoner was denied effective assistance of counsel when each sentence was entered. The depositions of the

attorneys representing the appellant at the time the guilty pleas were entered were taken and introduced into evidence in the habeas court. Such depositions included cross examination by appellant's counsel. These depositions show a thorough investigation of the charges pending against the petitioner, several meetings with him, advice as to all his rights, and discussion as to a possible plea of insanity as a defense, which defense the petitioner rejected. They also show that after being informed by appellant that he desired to enter a guilty plea, the attorneys engaged in plea bargaining, which resulted in two other charges being placed on the dead docket. The attorney who represented appellant in Cobb County did enter a plea of insanity and requested psychiatric examination of the petitioner which the court ordered. The report of the psychiatrist who examined the appellant stated: "Mr. Martin has a markedly paranoid personality. He is in fairly good contact, however, and is aware of his surroundings and is able to distinguish between right and wrong." A report by another psychiatrist made in connection with a recent federal case involving the prisoner reached the same conclusion.

The appellant relies on Blackburn v. Alabama, 361 U. S. 199 (80 SC 274, 4 LE2d 242), where a state court conviction was set aside because of the admission in evidence of a confession obtained at a time when Blackburn had been declared legally incompetent. The appellant here has never been so declared, but to the contrary has been evaluated by two psychiatrists as being emotionally unstable, having poor judgment, being impulsive, having a callous disregard for the rights of others, but aware of his surroundings with a knowledge of right and wrong. Both psychiatrists reached the same conclusion without the benefit of the report of the other. The holding in Blackburn, supra, has no application to this appellant.

Appellant also contends he was denied effective assistance of counsel because he was not advised of his right of appeal. Appellant entered a valid plea of guilty. Having been advised of his right to withdraw the plea if not satisfied with the oral pronouncement of sentence, and not having done so, there was no issue to raise on

appeal. Hence, there was no harm in failing to inform the defendant of his right. See as to waiver in general when guilty pleas are entered, *Goodwin v. Smith*, 226 Ga. 118, 120 (172 SE2d 661); and Edwards v. United States, 256 F2d 707, 709.

2. The second and fourth enumerations of error complain of the failure of the Cobb Superior Court to rule on the plea of insanity filed in that court. After counsel for the petitioner received the report of the psychiatrists, counsel did not pursue the matter and made no demand for trial of this issue inasmuch as he was without evidence to sustain such plea.

Under such circumstances it was not error for the trial court to fail to rule on this issue.

3. The remaining enumeration of error which contends that the indictments were illegal is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 22, 1975 — DECIDED SEPTEMBER 11, 1975.

Charles R. Martin, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.