### 22301. SEARS *v.* THE STATE.

DECIDED JUNE 14, 1932.

E. L. Stephens, R. I. Stephens, for plaintiff in error.
J. A. Merritt, solicitor, contra.

LUKE, J. On March 18, 1932, the judge of the city court of Dublin overruled Homer Sears's written motion to withdraw his pleas of guilty entered on September 8, 1931, in two cases in which he was charged with illegally possessing intoxicating liquor. The only

exception here is to that ruling. In said written motion the defendant avers that he was advised by parties who had "communicated with the court and some of its officials" that if he would plead guilty in said two cases, "he would have until the court convened again before sentence would be pronounced, and that he would not have to pay over . . $30 in each case," that the court "then and there" advised him that he had until the convening of the next term of court to pay said fine; that the next regular term of said court was due to convene in December, 1931, but that, "for some good and sufficient reason," it did not convene until the first Monday in March, 1932; that at the time sentence was passed his counsel told him that if he did not withdraw his said pleas of guilty, the court would likely sentence him to jail, but would probate his sentences and allow him to serve them without the confines of the chain-gang; that on the same day sentence was pronounced on him defendant made said motion; that said motion was made at a time when the court was in session and a jury qualified to try the defendant was duly empanelled; and that the defendant was misled into entering said pleas of guilty.

In the judgment overruling the motion the court stated that no one discussed with him at any time what sentence would be imposed upon the defendant in the two cases in which pleas of guilty were entered, and that there was no agreement that there would be a fine of $30 in each of those cases; that a "new and separate case" had been brought against the defendant "on a new and separate liquor offense," and that when this case was called for trial, counsel for the defendant stated that he wished to file a plea of former jeopardy based upon the first two cases; that the court conceded that said plea would be good, and stated in open court that defendant could withdraw said pleas of guilty and be tried on the last case; that, after conferring with his client, counsel stated that defendant declined to withdraw said pleas of guilty; that thereupon the court sentenced the defendant to serve eight months in each of "those old cases," the sentences to run concurrently; and that "later on the same or the next day" counsel made a motion to be allowed to withdraw said pleas of guilty, "stating that his client had been misled into signing the pleas of guilty, but stated that no officer of court had misled the defendant."

The Penal Code (1910), § 971, provides that "at any time before

judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." See also *Sanders* v. *State*, 18 *Ga. App.* 786 (90 S. E. 728). To reverse the judgment of the trial judge would be flying in the very teeth of the law, and this we decline to do.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*