### 4772.  BEARDEN *v.* THE STATE.

1. One who has filed a plea of guilty in a criminal case can not move for a new trial. Where one accused of crime voluntarily pleads guilty to the charge, a new trial can not be granted; for there was no verdict. A plea of guilty may, as a matter of right, be withdrawn before sentence; and after sentence the judge may permit it to be withdrawn upon meritorious grounds, addressed to his discretion; but neither before nor after sentence can a motion for a new trial be employed as a means of withdrawing a plea of guilty.

2. At common law a personal plea was necessary on one's arraignment for trial in a criminal case; but under the provisions of section 971 of the Penal Code the plea may be made by the defendant's attorney. One of the chief purposes of the requirement that a defendant shall be present at every stage of his trial is to enable him to consult with his counsel, and, by his presence, to hold him bound by his own acts, and by the acts of his counsel in his presence, to which he interposes no objection. As to the latter, the attorney generally stands in the shoes of the client; and if the client assents or fails to object, he is bound thereby.

DECIDED AUGUST 25, 1913.

Indictment for misdemeanor; from Fulton superior court— Judge Thomas presiding. February 28, 1913.

*R. R. Jackson, Homer A. Legg, Myer I. Goldberg,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.

RUSSELL, J. Bearden was arraigned in the superior court of Fulton county, charged with the unlawful sale of alcoholic, spirituous, malt, and intoxicating liquors. The State introduced testimony which would have authorized the conviction of the accused, though it would not have demanded a verdict of guilty. When the State rested its case the defendant, through his attorney, withdrew the plea of not guilty which had been filed upon arraignment, and filed a plea of guilty, and thereupon the court sentenced him to serve twelve months at hard labor upon the public works. On the following day he tendered a so-called motion for a new trial. There are only two grounds in the motion: (1) That the verdict is without evidence to support it, and (2) that the verdict is decidedly against the weight of evidence and contrary to the evidence and the law applicable in the case. As ancillary (as we suppose) to the above-stated motion the defendant attached to it an affidavit, in which it is averred that the plea of guilty was entered without his consent and against his wishes; that he is not guilty of the offense charged in the indictment, and that he makes the affidavit in order that the court may permit the filing of a motion for a new trial. The trial judge passed an order declining to entertain the motion, for the reason that the plea of guilty was entered by the attorney of record of the defendant after the State had introduced evidence authorizing a verdict of guilty, and that this motion was not presented until after the sentence had been imposed. The defendant excepts to this judgment.

1. We think the court properly refused to entertain a motion for a new trial. It would seem to be elemental that one who has voluntarily filed a plea of guilty in a criminal case could not thereafter, in the same case, file a motion for a new trial. The profession generally seems to have considered the point so well settled that we have been unable to find an adjudication upon the subject in Georgia. A motion for a new trial can not be made upon a plea of guilty, for the reason (if for no other) that there is no verdict

where there is a plea of guilty, and the only object of the motion for a new trial is to set aside a verdict which has been rendered, so that upon another trial a different verdict may be obtained. The purpose of the motion for a new trial is to obtain another trial. Where a plea of guilty is filed the judgment does not rest upon the results of a trial, but upon the plea, which is nothing more than a confession in judicio. The verdict is the point of attack to which a motion for a new trial and everything it contains is directed. If there is no verdict a motion has no raison d'être.

The law provides a different means for avoiding the consequences of a plea of guilty. The defendant may, as a matter of right, withdraw his plea of guilty before sentence is imposed, and he may after sentence has been imposed, withdraw his plea for any meritorious reason which addresses itself to the sound discretion of the trial court. If there is any valid and sufficient reason why the defendant should be permitted to withdraw his plea after sentence, in order to prevent injustice, the failure of the court to exercise this discretion in favor of the withdrawal of the plea is an abuse of discretion. *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. E. 1080). If there can not be a motion for a new trial in a case in which no verdict has been rendered, certainly a motion for a new trial is not a proper mode of withdrawing a plea of guilty.

2. At common law a personal plea was necessary on one's arraignment for trial in a criminal case, but under the provisions of section 971 of the Penal Code of Georgia (as under the codes of criminal procedure of most of the States), the plea of the defendant may be made by his attorney. One of the chief purposes of the requirement that a defendant shall be present at every stage of his trial is to enable him to consult with his counsel, and, by his presence, to hold him bound by his own acts, and by the acts of his counsel in his presence, to which he interposes no objection. As to the latter the attorney generally stands in the shoes of his client; and if the client assents or fails to object, he is bound thereby. Allyn *v.* State, 21 Neb. 593 (33 N. W. 212); State *v.* Greene, 66 Iowa, 12 (23 N. W. 154); State *v.* Jones, 70 Iowa, 505 (30 N. W. 750); Bateman *v.* State, 64 Miss. 233 (1 So. 172); State *v.* Blake, 5 Wyo. 107 (38 Pac. 354); State *v.* Richardson, 98 Mo. 564 (12 S. W. 245); Conway *v.* State, 5 Wyo. 107 (38 Pac. 354).

In State *v.* Richardson, supra, the defendant pleaded not guilty to an indictment for larceny. Thereafter he withdrew his plea and pleaded guilty, and was sentenced for two years. The next day he moved to have the judgment set aside, and asked leave to plead not guilty, alleging, in an affidavit, that he was not guilty and that his plea was made under a mistake as to the statements made at the time by the officers of the court. This motion was denied by the trial judge, and the judgment was affirmed by the Supreme Court of Missouri. The facts which might call for intervention in behalf of the accused were much stronger in the Richardson case than in the case at bar. Richardson was not represented by counsel at the time he filed his plea of guilty, and he pleaded guilty upon representations of some officers of the court that another case pending against him would be dismissed. There was also evidence as to a conversation with the deputy sheriff, when the accused was being taken back to jail, from which it might be inferred that he did not understand the full purport and effect of his plea. In the present case Bearden was represented by counsel, and he filed the plea in his behalf after the testimony for the State had been introduced. Bearden interposed no objection when this attorney, in his presence, stated to the court that his plea of not guilty would be withdrawn and that a plea of guilty would be filed. He did not assert his innocence when sentence was imposed (as was the case in Conway *v.* State, supra). As we have already said, the provisions of our code in regard to the plea of a defendant upon arraignment differ from the rule of the common law upon that subject. In our State the attorney stands in the client's shoes. The client has the right to direct the conduct of his case, and in the event of irreconcilable conflict between his views and those entertained by his counsel he has the right to discharge his counsel. Even if the motion made by the defendant in this case had been one to withdraw the plea, we do not think it would have been any abuse of discretion to have denied it.          *Judgment affirmed.*