### 7863.  SANDERS *v.* THE STATE.

1. Where the record conflicts with the bill of exceptions, the record controls.
2. Withdrawal of the plea of guilty could not, as a matter of right, be made after the court had orally pronounced sentence on the accused.

DECIDED NOVEMBER 16, 1916.

Accusation of misdemeanor; from city court of Macon—Judge Guerry.  September term, 1915.

*L. B. Aultman, J. D. Hughes,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

HODGES, J.  It is stated in the bill of exceptions that the plaintiff in error, by his counsel, entered a plea of guilty to the charge of violating the prohibition law, whereupon the court orally pronounced sentence upon him, but, before the sentence could be reduced to writing, he moved, through his counsel, to be allowed to withdraw his plea of guilty; which motion the court refused.  The record shows that the court passed the following written sentence: "The defendant being before the bar of the court and showing no reason why the sentence of the court should not be imposed, it is ordered and adjudged by the court that the said Eugene Sanders do work in the chain-gang, on the public works of said county, for the term of six months, to be computed from the date he is received by the superintendent of public works; from three and one half months of which sentence he may be relieved by paying into court a fine of two hundred dollars, to include all costs of this prosecution."  The defendant excepted to the refusal of his motion to be allowed to withdraw the plea of guilty, and to the

entering of the sentence against him. There is an apparent conflict in the recitals of fact in the bill of exceptions certified by the court and the sentence contained in the record, in that it appears from the sentence that when the allocutus was propounded to the accused, it was not insisted that he had the right to withdraw his plea of guilty and enter a plea of not guilty. Where there is a difference in the recitals of fact contained in the bill of exceptions and the recitals of fact contained in the record, the record controls. "Where the billt of exceptions and the record differ as to matters which form a part of the record, the latter will control." *Dismuke* v. *Trammell,* 64 *Ga.* 428. "Papers which are not properly a part of the record, though embodied in it, will not be considered by this court." *Kitchens* v. *Hutchins,* 44 *Ga.* 620. Where the bill of exceptions stated that the indictments on which trial was demanded were found at the April term, 1875, and the demand itself, as copied in the record, showed that they were found at the April term, 1874, it was held that "the term at which the demand was made, the record, and not the bill of exceptions, will be considered as giving the true date of the finding." *Thursby* v. *Myers,* 57 *Ga.* 155.

However, even if the recital in the bill of exceptions be true, the court did not err in refusing to allow a withdrawal of the plea of guilty. The Penal Code, § 971, provides that if the prisoner shall plead guilty, "the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; but, at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such plea shall not be given in evidence against him on his trial." This means that the prisoner may withdraw the plea before the court shall utter or say to him what his sentence is. The accused can not thereafter, as a matter of right, withdraw his plea of guilty. " 'Pronounce' means to utter formally, officially, or solemnly; to declare or affirm;" and it has been held that as used in a statute providing that when a defendant has been convicted in two or more cases, and the punishment in each is confinement in the penitentiary, the judgment and sentence shall be rendered and pronounced in each case in the same manner as if there hád been but one conviction, it means to utter formally and solemnly the

judgment of the court and order the same to be carried into execution.    Ex parte Crawford, 36 Tex. Cr. R. 180 (36 S. W. 92). Words and Phrases, 5684.    To permit a person to withdraw his plea of guilty after the presiding judge has informed him orally what his written sentence will be would be trifling with the law, unless some fraud or intimidation was practiced upon him to secure such plea.    See *Griffin* v. *State,* 12 *Ga. App.* 615 (2), 618 (77 S. E. 1080).                .                    *Judgment affirmed.*