### 9468.     Foster *v.* The State.

HARWELL, J. 1. The matter of allowing a plea to be withdrawn after sentence is imposed being discretionary with the trial judge, he properly refused, under the facts of the instant case, to set aside the judgment imposing sentence, and to allow the plea to be withdrawn.

*Griffin* v. *State*, 12 *Ga. App.* 615 (4), 620 (77 S. E. 1080); *Bearden* v. *State*, 13 *Ga. App.* 264 (79 S. E. 79).

2. The defendant in his motion to vacate did not set up that the judge, the solicitor, or any other court official misled him or induced him to plead guilty, or made any promise in regard thereto. The answer of the trial judge to the writ of certiorari, which was not traversed, showed that the plea of guilty was legally entered and sentence was legally imposed; and the superior court did not err in overruling and dismissing the certiorari. *Jackson* v. *State*, 99 *Ga.* 209 (25 S. E. 177).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED APRIL 2, 1918.

Certiorari; from Fulton superior court—Judge Pendleton. November 1, 1917.

O. T. Foster was charged, in the criminal court of Atlanta, with possessing spirituous and intoxicating liquors. A plea of guilty was entered, and the judge sentenced him to pay a fine of $1,000, or in lieu thereof to serve twelve months on the public works of Fulton county. After sentence was passed, the defendant made a motion to withdraw "what was taken as a plea of guilty," and to vacate and set aside the judgment imposing the sentence, on the ground that he did not intend to plead guilty, and that when he came before the court and admitted having liquor in his car, he thought he was there to consummate a settlement of the cases pending against him in that court, by which he thought he was to be allowed to pay $100 in settlement of both cases; and on the further ground that he was not legally arraigned, and that he was led to believe that he would be dealt with leniently, and this was the cause of his admitting that the liquor was in his car. The judge of the criminal court denied the motion, and the defendant carried the case by certiorari to the superior court. The trial judge's answer to the certiorari showed that the defendant stated, on September 18, 1917, that he wished to plead guilty; that the court had him to wait until the next day so that the court could look into the case, and on the following day he voluntarily pleaded guilty after being properly arraigned and after being fully informed of the charge against him; that the court had not promised him or any one else to be lenient if the plea of guilty was entered; that the court knew nothing whatever of any agreement as to settling the cases against him or being lenient, as set out in the petition for certiorari; and that the sentence was imposed after the court investigated the case.

The judge of the superior court overruled and dismissed the certiorari, and the defendant excepted.

*R. R. Jackson, E. F. Childress, Eugene Dickey,* for plaintiff in error.  *John A. Boykin, solicitor-general, Lowry Arnold, solicitor, E. A. Stephens,* contra.