### 12474. SMITH *v.* THE STATE.

LUKE, J. The matter of allowing a plea of guilty to be withdrawn after sentence is imposed being discretionary with the trial court, the judge properly refused, under the particular facts of the instant case, to allow the plea withdrawn, since the defendant did not prove, as it was incumbent upon him to do, that the judge, or solicitor, or some other court official misled him or induced him to plead guilty (*Foster* v. *State,* 22 *Ga. App.* 109 (95 S. E. 529) ), but merely proved that his plea of guilty was entered because of the statement of two policemen that he would get off with a light fine. Moreover, the policemen testified that they did not induce or mislead the defendant into pleading guilty, but that the plea was freely and voluntarily made;

and this evidence being before the judge, this court cannot say, as a matter of law, that he abused his discretion in refusing to allow a withdrawal of the plea. *Jackson* v. *State*, 99 *Ga.* 209 (25 S. E. 177).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 12, 1921.

Accusation of larceny; from city court of Albany — Judge Clayton Jones. April 12, 1921. See *Walker* v. *State*, ante, 270.

*Lippitt & Burt*, for plaintiff in error.

*Cruger Westbrook, solicitor,* contra.