## 28579. WELCH v. THE STATE.

DECIDED SEPTEMBER 28, 1940.

*Theo. D. Fenster, Herschell V. Shelton,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

MACINTYRE, J. The motion for new trial discloses: "Defendant pleaded guilty to the charge of larceny of an automobile on April 11, 1940, which plea was accepted by the court, and a hearing then and there had. Sentence was deferred, upon the court's recommendation of the case to the probation office, until the probation office could make an investigation and report the findings of such investigation to the court. April 18, 1940, was set for the receipt of such report and for the passing of sentence. On April 18 defendant and counsel were present in court, but the probation office requested more time in which to complete its investigation, stating that a letter had not yet come in from Miami, Florida, but might arrive in the next mail. The court thereupon further deferred the passing of sentence until the arrival of such letter.

Counsel then expressly requested to be summoned in the event that sentence were passed upon the receipt of said letter, by expressing such desire to the solicitor, and telling the solicitor that he, counsel, would be engaged in the trial of a case in another court-room in the same building, naming the court-room, and asking solicitor to summon him when and if the defendant were called for sentence. The solicitor overlooked this request of counsel and made no attempt to locate counsel, but the court proceeded without him, and the court received the report of the probation office and sentenced the defendant. Defendant contends that this proceeding was against the will and judgment of the defendant, and that had counsel been present his plea of guilty would have been withdrawn as a result of the report made by the probation officer." The motion for new trial was overruled, and the defendant excepted. He contends that he was deprived of the benefit of counsel as provided in the Code, § 2-105, to wit: "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded; shall have compulsory process to obtain the testimony of his own witnesses; shall be confronted with the witnesses testifying against him; and shall have a public and speedy trial by an impartial jury." The defendant further contends in his brief that his counsel was not notified of the time that sentence was to be pronounced, the pronouncement being set for an indefinite time contingent upon the arrival of certain mail; and "further shows that he was tangibly injured by the lack of counsel, inasmuch that by virtue of the lack of counsel plaintiff in error was denied the right to withdraw his plea of guilty, which may be done at any time before the passing of sentence," under the Code, § 27-1404, which provides: "Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the prisoner or his counsel. If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury;

but, at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial."

"The specific office of a motion for a new trial is to procure the setting aside of the verdict which has been returned against the complaining party." *Register* v. *State,* 12 *Ga. App.* 1, 6 (76 S. E. 649). "A fact which has transpired since verdict is not ground for a new trial." *Denny* v. *Broadway National Bank,* 118 *Ga.* 221 (44 S. E. 982). "The word 'trial,' as used in Civil Code, § 5484, which prescribes the time in which motions for new trials shall be filed, is used in its restricted sense, meaning an examination of the matter of fact in issue, and hence such trial ends with the verdict in the case." *Castellaw* v. *Blanchard,* 106 *Ga.* 97 (3) (31 S. E. 801); *Buchanan* v. *James,* 134 *Ga.* 475 (68 S. E. 72). See 54 A. L. R. 1220, 1222. The Court of Appeals took this view of it, when the question was presented in 1913: "One who has filed a plea of guilty in a criminal case can not move for a new trial. Where one accused of crime voluntarily pleads guilty to the charge, a new trial can not be granted; for there was no verdict. A plea of guilty may, as a matter of right, be withdrawn before sentence; and after sentence the judge may permit it to be withdrawn upon meritorious grounds, addressed to his discretion; but neither before nor after sentence can a motion for a new trial be employed as a means of withdrawing a plea of guilty." *Bearden* v. *State,* 13 *Ga. App.* 264 (supra). "As the prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every minor right or privilege. The greater includes the less, or the whole the parts." *Sarah* v. *State,* 28 *Ga.* 576 (2); *McCarty* v. Hopkins, 61 Neb. 550 (85 N. W. 541). The defendant having pleaded guilty in the instant case, he could not move for a new trial, but might have made a motion to withdraw his plea of guilty. *Bearden* v. *State,* 13 *Ga. App.* 264 (79 S. E. 79).

"A judicial confession is a plea of guilty made by an accused in a fit state of mind to plead before a court competent to try the pending charge in which the proceedings have been regularly instituted, and which, upon entry of that plea, is competent to enter judgment and affix the penalty. Such a confession is conclusive as to guilt in fact of the offense charged." 2 Wharton's Crim. Ev. (11th ed.) 965, § 586. "Like any other confession, it must be shown to

have been voluntary, that is, that it was uninfluenced by any improper inducement, and that it was not the result of a misunderstanding. The conclusiveness of the plea is based upon its free and voluntary character, arising from a consciousness of guilt, but where it is entered from any other motive courts should allow it to be withdrawn on request, and a plea of not guilty substituted in its place. Thus, where the accused enters a plea to the wrong indictment; or is a foreigner, unacquainted with judicial proceedings; or where the accused believed, from a remark of the judge, that he would receive the minimum sentence; or where there is a doubt as to the sanity of the accused; or where he pleads under fear and intimidation, a refusal to allow the plea to be withdrawn is a reversible error." Id. 974, § 587. See *Davis* v. *State*, 20 *Ga*. 674. "It must not be induced by fear, by misrepresentation, by persuasion, or by the holding out of false hopes, nor be made through inadvertence or by ignorance." 16 C. J. 401, § 737. "A plea of guilty, being but a confession of guilt in open court, ought to be received with care and scanned with caution. It ought never to be received unless freely and voluntarily made; and if entered under a misapprehension as to its legal effect or the consequences which are to follow, honestly entertained because of representations made or inducements held out either by the court or by counsel for the State, the prisoner ought to be allowed to withdraw the plea, even after sentence, if he moves promptly upon discovering that he has been misled." *Griffin* v. *State*, 12 *Ga. App.* 615 (6) (77 S. E. 1080). "On the other hand, if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and without fear or persuasion, the court, may, without abusing its discretion, refuse to permit him to withdraw it." 14 Am. Jur. 962, § 287. However, our Code, § 27-1404, provides in part that where a plea of guilty has been entered by the defendant "at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." In *Foster* v. *State*, 22 *Ga. App.* 109 (2) (95 S. E. 529), it was decided that "the defendant in his motion to vacate did not set up that the judge, the solicitor, or any other court officer misled him or induced him to plead guilty, or made any promise in regard thereto," and the judge did not

err in refusing to allow the plea of guilty to be withdrawn after sentence. See *Sanders* v. *State*, 59 *Ga. App.* 748 (2 S. E. 2d, 144).

In the instant case the defendant does not contend that before the entering of the plea of guilty any one misled him or induced him to plead guilty, or made any promise in regard thereto. Where, after the plea of guilty was entered, the defendant's counsel merely requested the solicitor-general to notify him when the judge would sentence the defendant, to which request it does not affirmatively appear that the solicitor-general acceded (and certainly it is not shown that he promised and agreed so to do), the overlooking by the solicitor-general of such a request and his failure to comply with it, and the further facts that counsel had not sought or obtained any leave of absence from the court, and that the defendant, although present when he was sentenced, did not even suggest to the court that he wished his counsel also present, would not be a ground which would require the judge to vacate the sentence because of the absence of the defendant's counsel at the time the court passed sentence upon him. *Crawford* v. *Crawford*, 139 *Ga.* 68 (76 S. E. 564); *Cauthen* v. *Barnesville Savings Bank*, 69 *Ga.* 767 (2); *Screven* v. *State*, 169 *Ga.* 384 (5) (150 S. E. 558). Even if the motion made by the defendant in this case had been one to withdraw the plea of guilty, we do not think it would have been an abuse of discretion for the judge to refuse to sustain the motion and allow the defendant to withdraw the plea. *Gatlin* v. *State*, 17 *Ga. App.* 406 (87 S. E. 151).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*