## 28685. SMITH *v.* THE STATE.

DECIDED JANUARY 30, 1941.

*Henry L. Barnett,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

GARDNER, J. This defendant was arrested by the sheriff and deputy sheriff of Gordon County, Georgia, on April 8, 1940, for the offense of possessing intoxicating liquors, and was carried before the solicitor-general who preferred against him an accusation in two counts. Count 1 charged the offense of possessing intoxicating liquors, and count 2 the illegally concealing and conveying of intoxicating liquors. The same day the defendant was carried before the superior court judge, before whom the defendant entered a plea of guilty. The court imposed a sentence of twelve months on the public works, to be served on probation, upon payment of a fine of $300. On April 11 thereafter the defendant filed a motion to set aside and vacate the judgment.

The motion alleged the facts as above stated, and in addition thereto charged to the effect that, after he was arrested and while in custody of the officers on the journey to the place where sentence was imposed, the officers told the defendant "that the best way out of this case was for him to plead guilty to the offenses and settle the case; that if he would plead guilty they would carry him before the judge and that the judge would only fine him fifty or seventy-five dollars at the most, and that this amount would settle the case." He charged further in his motion that it was his intention to make bond, and if the grand jury indicted him to stand trial because he believed, and at the time of filing his motion believed, that he had a good defense, but that on account of what the officers told him, he relied on it and was induced to file his plea of guilty on the ground that the fine would not be more than seventy-five dollars at the most. For these reasons he prayed that the judgment be vacated and set aside. The motion was duly set for hearing by the judge on April 19, and was continued to July 30, 1940. Upon hearing on the motion the defendant, being sworn. testified in support of his allegations. The officers testified that

the "witness told the defendant that if he [witness] was judge he would be easier on a man that told the truth than upon one who had to have the offense proven against him, but that they did not tell him that the court would not fine him more than seventy-five dollars if he would plead guilty; that the statements made by them to the defendant were merely of opinion and in reply to the defendant's question could the matter be settled, and were not made for the purpose of inducing defendant to plead guilty, and that they told the defendant that the judge could fine him a thousand dollars if he saw fit; that the judge could do whatever he pleased."

A plea of guilty stands upon the same footing as a confession of guilt. A confession, to be admissible and of any probative value, must be freely and voluntarily made, without any hope of benefit and without the slightest fear of injury. If induced by others by the slightest hope of benefit or the remotest fear of injury it is not admissible as evidence and has no probative value. *Griffin* v. *State*, 12 *Ga. App.* 615, 621 (77 S. E. 1080). If there is an issue as to whether or not a confession was made freely and voluntarily, to set aside a plea of guilty it becomes a matter for the judge to determine, and the judge resolved the issue against the defendant. Let us inquire as to whether or not as a matter of law he committed error in so doing.

The gravamen of an alleged confession which renders it of no probative value is the being induced by others by hope or fear. It is igniting the desire to plead guilty with a hope to receive lighter punishment or to escape injury. It is readily discerned that if the desire to plead guilty is kindled by the defendant, or originates from the seed of his own planting and not from anything done or said by a third person, the confession would not be illegal and would be of probative value. The officers testified that the defendant inquired of them as to the best way out of it; that they did not originate a discussion of the subject, or provoke the conversation which led to the discussion and the entering of the plea, by stating that the judge could fine him as much as a $1000; that they did not know what he would fine him. The judge had a right to believe them. It is not alleged anywhere in the motion that either the judge or the solicitor-general had any knowledge of the conversation between the defendant and the officers. The record fails to show any reversible error.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*