29074. CLYBURN *v*. THE STATE.

DECIDED SEPTEMBER 6, 1941. REHEARING DENIED SEPTEMBER 19, 1941.

*Wesley R. Asinof*, for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Daniel Duke,* contra.

GARDNER, J. The defendant was indicted for forgery on six counts. When called on to plead he stated that he was guilty. The counts of the indictment were read over to him and explained fully. The court imposed a sentence aggregating a term of five to nine years. Afterwards, during the term, the defendant filed an unsworn written motion for leave to withdraw his plea of guilty. He alleged in substance that at the time he thought there were only three misdemeanor counts; that he did not have counsel; that he was under a misapprehension in that in the preliminary he understood he would be indicted for passing a worthless check; that having never been convicted of a felony he did not realize the nature of the offense to which he pleaded guilty; that when he learned that the charges were felony he immediately secured the services of an attorney; that he was not guilty of the offense of forgery; that he was informed by the arresting officer that he would get a very light sentence, and that if he pleaded not guilty he would likely get a heavier sentence; that because of these facts he thought his only alternative was to plead guilty. He offered no testimony on the hearing of his motion.

A plea of guilty may be withdrawn as a matter of right before sentence is imposed, but after sentence is pronounced on such plea the right to withdraw it rests within the sound legal discretion of the trial judge. *Sanders* v. *State,* 59 *Ga. App.* 748 (2 S. E. 2d, 144). We find nothing in this record that would warrant this court in holding that the judge abused his discretion in refusing to permit the defendant to withdraw his plea.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*