30811. CLARK *v.* THE STATE.

Decided June 23, 1945.

608

*Harold Karp, E. W. Maynard, Earl W. Butler,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

GARDNER, J. ▇ The case turns upon the question whether the trial judge committed reversible error in refusing to permit the defendant to withdraw his plea of guilty. The Code, § 27-1404, provides: "Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the prisoner or his counsel. If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of the jury; but, at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." It is necessary for us to decide what, under the record in this case, is meant by the phrase in the above-cited section of the Code, to wit: "but, at any time before judgment is pronounced, the prisoner may with-

draw the plea of guilty and plead not guilty." It is conceded by distinguished counsel for both sides that until sentence is pronounced within the meaning of the statute the accused may as a matter of right withdraw his plea of guilty and plead not guilty; but that after sentence has been pronounced, the withdrawal of the plea of guilty rests within the sound discretion of the court. This brings us facing the question whether at the time the accused made an oral motion to withdraw his plea of guilty, sentence had or had not been pronounced within the purview of the statute. It does not appear from the record that, from the time the defendant entered his plea of guilty on October 12, 1944, until he made the motion to withdraw his plea on January 6, 1945, any written sentence had been pronounced in his case, nor does it appear that any sort of sentence had been recorded on the minutes of that court of record. It does appear that during that interim the court, on December 9, 1944, stated orally that he was "sentencing the defendant to serve not less than three nor more than five years in the penitentiary." After that oral pronouncement, and on the same date, the court certifies: "The defendant and his counsel earnestly urged that the sentence not be put into effect instanter, but that the defendant be allowed some additional time to arrange his business affairs. The suggestion was made that the bond theretofore in effect would probably not be valid after the pronouncement of sentence. Thereupon, the court instructed the solicitor to disregard his former instructions to prepare the written sentence, stating that the pronouncement of sentence was being withdrawn, that the sentence as pronounced orally would not be put into effect instanter, but that sentence would be pronounced at a hearing scheduled for eleven o'clock a. m., January 6, 1945." It does further appear that during the said interim the court had before it the question of pronouncing sentence on the defendant on December 9, 1944. The certificate of the court, all of which appears in the bill of exceptions, is as follows: "On December 19, 1944, counsel for the State and the defendant again appeared before the court on appointment made with the court by defendant's counsel, and defendant's counsel urged upon the court probation and fine in lieu of the term of years theretofore pronounced by the court. The court simply stated that he would hear from coun-

610

sel on the date already fixed, to wit, January 6, 1945." Thus it clearly appears from the record that at the hour on January 6, 1945, when the accused made a motion to withdraw his plea of guilty, there was outstanding no pronouncement of sentence against him, oral or otherwise. The oral statement of the court made on December 9, 1944, had been orally withdrawn. So far as the sentence was concerned, it stood both as to the defendant and as to the court as of the time and date the plea of guilty was entered.

■ (a) It would seem from the record and the statute referred to above, that the discussion of the case should be thereby concluded. But since counsel for both sides discuss at length the question whether the oral statement of the court was in effect a pronouncement of sentence under the statute, we will call attention to a number of decisions which deal with that question. In discussing these decisions it must be kept in mind that we are dealing with a case originating in a court of record. This court held in *Rutland* v. *State*, 14 *Ga. App.* 750 (82 S. E. 293) : "The power of amending records so as to make them speak the truth is of course inherent in all courts of record, but that question *is* not here involved, for the reason that the State's contention when reduced to its last analysis, is not that the sentence which was signed by the judge and placed upon the minutes was improperly or incorrectly entered, but rather that it failed to conform to an oral sentence announced by the court prior to the time that the judge affixed his signature to the sentence entered upon the minutes. In *Freeman* v. *Brown,* 115 *Ga.* 27 (41 S. E. 387), it was said 'The oral announcement of the judge was no judgment, neither were the shorthand notes of the stenographer of the matter and language of this oral announcement the judgment of the court; and certainly the uncompleted transcription of these notes into longhand was no judgment. What the judge orally declares is no judgment until it has been put in writing and entered as such.' See also *Easterling* v. *State,* 11 *Ga. App.* 135 (74 S. E. 899) ; *Webster* v. *Dundee,* 93 *Ga.* 278 (20 S. E. 310). The sentence as reduced to writing, therefore, and signed, was a lawful sentence, and the only lawful sentence." In *Easterling* v. *State,* cited in the *Rutland* case, supra, the court said: "A judgment is a decision or sentence of the law, pronounced by the court and entered upon its docket, minutes, or record. A mere oral decision is not a judgment from which an

appeal can be entered, until it has been put in writing and entered as such." In *Nobles* v. *State,* 17 *Ga. App.* 382 (86 S. E. 1073), this court said: "A defendant, at any time before judgment is pronounced against him, has a right to withdraw his plea of 'guilty' and plead 'not guilty' (Penal Code, Sec. 971); and this is true although it was at the instance of the defendant that the court did not pronounce sentence upon him at the time he pleaded guilty, but deferred doing so for several days, and although all the witnesses in the case had been dismissed and all the jurors discharged for the term." In *Fowler* v. *State,* 41 *Ga. App.* 333 (153 S. E. 90), the court said: "At the August, 1929, term of the superior court of Forsyth County, the defendant pleaded 'guilty' of the commission of a felony. The court deferred pronouncing sentence in the case until the November term, 1929. At that term and before final judgment the defendant moved to withdraw his plea of 'guilty' and to be allowed to enter a plea of 'not guilty.' In the judgment overruling this motion the judge recites that he deferred passing sentence in the case until the November term of court at the defendant's request; that the defendant's motion was not presented until all the jurors had been dimissed, and that no reason appeared why the plea of guilty should be withdrawn. *Held:* The right given a defendant under the Penal Code (1910), § 971, to withdraw his plea of 'guilty' and plead 'not guilty' at any time before judgment is pronounced, is not qualified or limited, and the court erred in overruling the defendant's motion to be allowed to withdraw his plea of 'guilty' and plead 'not guilty.' *Nobles* v. *State,* 17 *Ga. App.* 382 (86 S. E. 1073)." It is clear to our minds, under these authorities, and in view of the record, that the court committed reversible error in not permitting the defendant to withdraw his plea of guilty and enter a plea of not guilty.

(b) The solicitor-general in his able argument called our attention to certain cases touching the issue. We will now endeavor to review them. Some of them are relied upon by counsel for the defendant also. The case first mentioned by the State's counsel, and also quoted at length and relied upon by the defendant's counsel is that of *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. E. 1080). This is a very learned decision and deals at length with the question concerning the withdrawal of a plea of guilty by the defendant. It is well to note that in this case the court was dealing with the

question of withdrawing a plea of guilty after a written sentence had been signed and pronounced. That is not the question here. However, this court reversed the lower court in that case because the court abused its discretion in refusing to allow the defendants to withdraw their plea of guilty after sentence had been pronounced, because the plea of guilty was not freely and voluntarily entered. We have no such question here, for the reason, as we have above observed, that there was not only no written sentence pronounced, but no sentence of any kind outstanding on January 6, 1945. The case next cited is *Foster* v. *State,* 22 *Ga. App.* 109 (95 S. E. 529). In that case the court said: "The matter of allowing a plea to be withdrawn after sentence is imposed being discretionary with the trial judge, he properly refused, under the facts of the instant case, to set aside the judgment imposing sentence, and to allow the plea to be withdrawn. *Griffin* v. *State,* 12 *Ga. App.* 615 (4), 620 (77 S. E. 1080) ; *Bearden* v. *State,* 13 *Ga. App.* 264 (79 S. E. 79)." We have examined the original record in this case and it appears therefrom as well as from the opinion itself that the motion to withdraw the plea of guilty was made after a lawful sentence had been pronounced. Again, we are cited to the dissenting opinion of Judge Pottle in *Woodward* v. *State,* 13 *Ga. App.* 130 (78 S. E. 1009). In that case the defendant entered a plea of not guilty. The State introduced evidence, after which the defendant asked permission of the court to withdraw his plea of not guilty and enter a plea of guilty. The court granted the defendant's request. After the trial jury had been dispersed and before sentence had been pronounced, the defendant made a motion to withdraw his plea of guilty and again enter a plea of not guilty. The majority of the court held that as a matter of right, under the Code section, even under those circumstances, the defendant could withdraw his plea of guilty and again enter a plea of not guilty, and reversed the case. It was Judge Pottle's view that the defendant, once having been arraigned and having pleaded not guilty, and having requested permission to withdraw his plea of not guilty and enter a plea of guilty, placed himself without the terms of the statute as a matter of right, and placed himself within the sound discretion of the court as to withdrawing his plea of not guilty. Also, *Bearden* v. *State,* 13 *Ga. App.* 264 (79 S. E. 79), is not in point. The only question there determined was that

where a plea of guilty in a criminal case is entered the defendant has no right to move for a new trial. Also, in *Sanders* v. *State,* 59 *Ga. App.* 748 (2 S. E. 2d, 144), it appears that a legal sentence had been pronounced before the motion to withdraw the plea was made. In *Welch* v. *State,* 63 *Ga. App.* 277 (11 S. E. 2d, 42), it appears that the only question involved was that a defendant who pleads guilty in a criminal case can not move for a new trial. In *Smith* v. *State,* 64 *Ga. App.* 312 (13 S. E. 2d, 96), a proper sentence had been imposed before the motion was made to withdraw the plea of guilty. In *Smith* v. *State,* 27 *Ga. App.* 270 (108 S. E. 121), the only question involved was whether the court abused its discretion in refusing to allow the defendant to withdraw his plea of guilty after sentence had been imposed. The court held that the judge did not abuse his discretion.

Counsel also call our attention to 146 A. L. R. 1433 et seq., where, among others, many Georgia cases are cited in support of the statement that: "Although, under a statute providing that 'at any time before judgment' the trial court may permit a plea of guilty to be withdrawn and a plea of not guilty substituted, the withdrawal of the plea is *a matter of right prior to judgment,* it has been held in a majority of the cases that the statute does not inferentially restrict the power of the court, in its sound discretion, to permit the plea to be withdrawn after judgment and that the court's ruling thereon will not be disturbed on appeal unless a manifest abuse of such discretion appears." It would seem that this is a very apt statement of the law in our State, and augurs well for the reasoning we have been endeavoring to make. We have hereinbefore referred to all of the Georgia cases cited except one—*Clyburn* v. *State,* 65 *Ga. App.* 747 (16 S. E. 2d, 442). In that case the motion to withdraw the plea of guilty was not made until after sentence had been pronounced. There is another case of this court which has come to our attention, *Sanders* v. *State,* 18 *Ga. App.* 786 (90 S. E. 728). The first headnote reads: "Where the record conflicts with the bill of exceptions, the record controls." This court held in that case that although the bill of exceptions recited that the defendant moved to withdraw his plea of guilty before a written sentence was pronounced upon him, the sentence itself contradicted such allegation in the bill of exceptions. The court held that the record, that is, the sentence, was controlling and

614

not the recitals of fact in the bill of exceptions. Hence, it follows that anything which the court might have said in the second head-note of that opinion is obiter dictum.

Therefore it appears that the trial court improvidently refused to allow the defendant to withdraw his plea of guilty and enter a plea of not guilty. This being so, the sentence pronounced on the defendant after he had made the motion to withdraw his plea of guilty was illegal. The court erred, therefore, in overruling the motion to set aside the sentence and judgment of the court.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*