32641. BOYETT *et al.* v. THE STATE.

Decided February 23, 1950.

*S. Thomas Memory,* for plaintiffs in error.

MacIntyre, P. J. "A plea of guilty, being but a confession of guilt in open court, ought to be received with care and scanned with caution. It ought never to be received unless freely and voluntarily made; and if entered under a misapprehension as to its legal effect or the consequences which are to follow, honestly entertained because of representations made or inducements held out either by the court or by counsel for the State, the prisoner ought to be allowed to withdraw the plea, even after sentence, if he moves promptly upon discovering that he has been misled." *Griffin* v. *State,* 12 *Ga. App.* 615 (6) (77 S. E. 1080). However, the withdrawal of a plea of guilty after sentence has been imposed is not a matter of right, but is a matter addressed to the sound legal discretion of the trial judge. *Griffin* v. *State,* supra; *Sanders* v. *State,* 18 *Ga. App.* 786 (2) (90 S. E. 728); *Bearden* v. *State,* 13 *Ga. App.* 264 (79 S. E. 79); *Foster* v. *State,* 22 *Ga. App.* 109 (95 S. E. 529); *Farley* v. *State,* 23 *Ga. App.* 151 (97 S. E. 870); *Smith* v. *State,* 27 *Ga. App.* 270 (108 S. E. 121); *Sears* v. *State,* 45 *Ga. App.* 344 (164 S. E. 458); *Rowland* v. *State,* 72 *Ga. App.* 793, 800 (35 S. E. 2d, 372); *Clark* v. *State,* 72 *Ga. App.* 603 (34 S. E. 2d, 608). "In exercising this discretion the trial judge settles all conflicts in evidence and is the exclusive arbiter of the facts. . . The exercise of a sound legal discretion presupposes an application of settled rules of law to the facts found by the judge." *Griffin* v. *State,* supra. On the hearing of the motion to vacate and set aside the sentence and judgment and to withdraw the plea of guilty, much, if not most, of the

evidence adduced related to events which occurred prior to the entry of the plea of guilty and dealt with the circumstances surrounding the killing of a hog by the defendants, their arrest, their release on bond, their alleged confessions, made in writing to an officer of the Georgia Bureau of Investigation, various discussions between the defendants and the sheriff and the prosecutor concerning the defendants' desire "to settle the case and dispose of it," and the fact that the hog which it was alleged the defendants had stolen had returned to the home of the prosecutor. While this evidence may have borne upon the credibility of the witnesses, the question of the innocence or guilt of the defendants is not involved upon the motion to withdraw the plea of guilty (*Rowland* v. *State*, supra; 16 C. J., 397, § 728), and we shall not undertake to set out in detail the evidence related to those matters. The evidence concerning the circumstances surrounding the entry of the plea of guilty was in sharp conflict. The solicitor-general made the following statement for the record which, by agreement, was not under oath: "I didn't know anything about these cases until the sheriff telephoned me and asked about coming over to the judge's office and I came over here. I hadn't seen the defendants, and so far as I know I didn't know them until we came in the presence of the court. I told them that they were charged with stealing Flem Hier's hog and butchering it, asked them if they wanted to plead guilty or not guilty, and both of them told me that they wanted to plead guilty. My understanding of the law is that in felony cases in the absence of an indictment that it is necessary to have counsel enter a plea for the defendants. Mr. T. J. Townsend, a practicing attorney of Alma, Georgia, was present in the judge's office . . together with Mr. S. F. Memory, an attorney. . . They had been engaged in a hearing before the court and said hearing was over in so far as any evidence or argument was concerned. Mr. S. F. Memory was engaged at that time in preparing an order for the court to sign. Mr. Townsend was sitting there in the chair. I asked Mr. Townsend if he would enter the plea for these defendants on this accusation. He was present and heard all that conversation; and he took the accusation, and, as I recall it, *he asked them if they wanted to plead guilty, and they told him yes.* He didn't go into any statement

with them in detail, but he signed the plea in their presence and with their permission. There was no confusion in the judge's office that would in any way detract the attention of either one of the defendants. *They entered the plea through Mr. Townsend, T. J., an attorney at the request of the court to represent them, freely and voluntarily. That is all.*" The Sheriff of Pierce County testified upon examination by the solicitor-general: "You told them what they were charged with and asked them if they wanted to enter a plea of guilty and they said yes. You asked them if they wanted to enter a plea of guilty to stealing Flem Hier's hog; you transferred the paper. I was sitting at that corner, you were sitting over there, and you transferred the paper, and I picked it up and handed it to the judge, and the judge handed it to Mr. T. J. Townsend sitting here. He looked at the papers and says, 'Yes, you boys are charged with stealing Flem Hier's hog. Do you want to enter a plea or not.' They said, 'Yes,' and he signed the plea right along over there on the end of this desk and handed it back over there. There was no confusion in the office that would detract their attention and keep them from knowing what they were doing." The defendants contended that they never intended to enter a plea of guilty, that they never stole the hog in question; that they wished to settle the matter and dispose of the case; that they did not realize what was occurring at the time the entry of the plea of guilty was made; that the accusation was not read to them; that they had their own counsel; that they did not know Mr. Townsend and had no conversation with him at all concerning their case; and that they were uneducated and had never before been before a court or understood such procedure as took place when the plea of guilty was entered for them. There is no contention by the defendants that any representations or inducements were held out to them by any officer of the court. There was sufficient evidence to authorize the judge, as trier of the facts, that the defendants did in fact enter a plea of guilty, and to find, since the judge was judge of the credibility of the witnesses, that the defendants were under no misapprehension as to the consequences of entering such a plea. According to the solicitor's testimony the accusation was read to the defendants, Mr. Townsend was appointed by the court to

represent the defendants, Mr. Townsend asked the defendants if they wished to plead guilty and they replied yes. As was said in *Archer* v. *Clark*, 202 *Ga.* 229 (42 S. E. 2d, 924): "It would be trifling with the court to allow the client, after keeping silent in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection, he should have made it known at the time and before the court acted thereon." While it is true that the attorney was appointed by the court and was not of the defendants' own choosing, and while the attorney's testimony was rather indefinite as to what was said between him and the defendants, there is still the solicitor's and the sheriff's testimony that the defendants directed the attorney to enter the plea. Whatever we might have done personally in the circumstances, we cannot say, as a matter of law, that the trial court abused its discretion in overruling the motion to set aside the judgment and to withdraw the plea of guilty.

*Judgment affirmed.* *Gardner and Townsend, JJ., concur.*