35516.   KING *v*. THE STATE.

Decided January 21, 1955.

*Harris, Chance & McCracken, Otis W. Harrison,* for plaintiff in error.

*George Hains, Solicitor-General, Charles H. Britt, Assistant Solicitor-General,* contra.

TOWNSEND, J. Before sentence is pronounced a plea of guilty may be withdrawn as a matter of right. Code § 27-1404. After a sentence is pronounced, the right to withdraw it rests within the sound legal discretion of the trial judge. *Clyburn v. State,* 65 *Ga. App.* 747 (16 S. E. 2d 442). This discretion must be exercised, not in opposition to, but in accordance with, established rules of law. "In no case of conflicting evidence will the judge's finding of facts be controlled by the reviewing court. But if, upon the facts as he found them, the law demands that a particular judgment be rendered, a contrary decision will always be reversed. We sometimes speak of such a decision as an abuse of discretion, but it is nothing more than an erroneous decision, or a judgment rendered in violation of law." *Griffin v. State,* 12 *Ga. App.* 615 (5), 621 (77 S. E. 1080). In that case it was held error not to permit the withdrawal of the plea of guilty, where all of the facts showed that the defendant and his attorneys were relying upon their agreement with the solicitor-general to obtain a sentence of misdemeanor punishment under the terms of a proposed settlement, and the judge, knowing of this agreement, failed to inform the defendant or his counsel that he did not intend to be bound thereby, but on the contrary proceeded to discuss the terms of the settlement with the parties at the hearing, at the same time signing a written sentence so that, when the defendant discovered its terms, it would be too late for him to withdraw his plea of guilty.

Here, on the contrary, it appears that, while the solicitor-general agreed to recommend a certain punishment, the judge informed the defendant, through counsel, that he would not be bound by any agreement, and would determine the sentence only after hearing the facts of the case. The defendant and his counsel accordingly knew that, while they had an agreement that the solicitor-general would recommend a certain punishment, they had no agreement under which they might expect such agreement to be followed, and they were accordingly not misled or deceived by any hope of benefit extended to them by the court or any of its officers. Where there is an honest mistake, or a plea of guilty (which is merely a confession in judicio) induced by the holding out of a promise of benefit or threat of injury, or by circumstances under which the defendant is misled to his injury, the court should allow the plea to be withdrawn although sentence has been entered. *Davis* v. *State*, 20 *Ga.* 674; *Griffin* v. *State*, supra; *Woodward* v. *State*, 13 *Ga. App.* 130 (78 S. E. 1009); *Farley* v. *State*, 23 *Ga. App.* 151 (97 S. E. 870). But where, even though the evidence is conflicting, there is evidence from which it appears that the defendant was not misled or induced to plead guilty, the refusal of the court to allow the the plea to be withdrawn after sentence is not an abuse of discretion. *Smith* v. *State*, 27 *Ga. App.* 270 (108 S. E. 121); *Sanders* v. *State*, 59 *Ga. App.* 748 (2 S. E. 2d 144); *Smith* v. *State*, 64 *Ga. App.* 312 (13 S. E. 2d 96); *Hilliard* v. *State*, 87 *Ga. App.* 769 (75 S. E. 2d 173). As was pointed out in *Griffin* v. *State*, supra, however, it is vital that the rights of defendants should be zealously protected by the courts, and that pleas of guilty, like confessions, should be scanned with great care and, if necessary, rejected, where it appears that the defendant has been led to make such plea in the belief that he will receive some reward, or avert some injury, thereby. However, here—although counsel for the State and the defendant had an agreement by the terms of which counsel for the State would recommend certain punishment provided the defendant entered a plea of guilty —it is not shown that counsel for the State failed to carry out the agreement and make the recommendation in accordance therewith. On the other hand, it affirmatively appears that counsel for the defendant was notified prior to the entry of the plea by the trial judge himself that no advance commitment

would be made as to what the sentence would be, and that no one had authority to make any commitment or promise so as to bind the court.

The trial court did not err in denying the motion to withdraw the plea.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*