36848. FORTSON *v.* THE STATE.

DECIDED SEPTEMBER 13, 1957.

356

*Guy B. Scott, Jr.,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

GARDNER, P. J. The contentions of the defendant are that the court committed reversible error in that the defendant was deprived of the benefit of the provisions of the Constitution of Georgia codified as Code (Ann.) § 2-105, which reads, "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded; shall have compulsory process to obtain the testimony of his own witnesses; shall be confronted with the witnesses testifying against him; and shall have a public and speedy trial by an impartial jury." It seems that counsel for the defendant overlooked or ignored the fact that the provisions of this Code section may be waived by a defendant. Counsel for the defendant calls our attention to and quotes from *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. E. 1080). That case was written by Judge Pottle. The substance of that learned decision is to the effect that if someone connected with the court should mislead a defendant as to what a defendant may expect if a plea of guilty is entered, and such defendant so enters a plea of guilty, under such circumstances the defendant should, in the legal discretion of the court, be permitted to withdraw his plea of guilty after sentence is passed. Before sentence is passed a defendant may withdraw a plea of

guilty as a matter of right. Our attention is called also to *Welch* v. *State*, 63 *Ga. App.* 277, 279 (11 S. E. 2d 42). A casual reading of that case will reveal that it throws no light on the issue now before us. Counsel for the defendant calls our attention to *Davis* v. *State*, 20 *Ga.* 674. The facts of that case have no similarity whatsoever to the facts of the instant case.

Here it is appropriate to state that while we have quoted from the record the report of the probation officer as to the defendant's criminal history, we realize that the arson charge to which the defendant pleaded guilty could not be governed by the defendant's criminal record. We have submitted this record only to show that the defendant has had a criminal record since 1934 and having been in court so many times (acquitted in some cases and convicted in some), the defendant was not a stranger to court procedure in criminal cases and the court could have and perhaps did take this into consideration in determining the credibility of the defendant's contentions and in refusing to allow the plea of guilty to be withdrawn after sentence was pronounced. It is stated in *Griffin* v. *State*, 12 *Ga. App.* 615, 621, supra, as follows: "In no case of conflicting evidence will the judge's finding of facts be controlled by the reviewing court. But if, upon the facts as he found them, the law demands that a particular judgment be rendered, a contrary decision will always be reversed. We sometimes speak of such a decision as an abuse of discretion, but it is nothing more than an erroneous decision, or a judgment rendered in violation of law." The application of the above principle of law must be based on the particular facts of each case. In the instant case, under the facts and the record, the judge exercised his discretion in refusing to allow the defendant to withdraw the plea of guilty, after seeing the defendant, determining his knowledge and understanding of what he was doing at the time he entered the plea of guilty, hearing what was said at the time of the passing of the sentence and also taking into consideration the defendant's attitude and the conduct of the officials of the court. In the cases decided by both of the appellate courts of this State, certain conditions surrounding pleas of guilty have received particular consideration. One of these is whether or not the defendant believes he will receive some reward or avert some injury if such plea is entered.

In the instant case there is nothing whatsoever to show that the defendant was promised anything or that he would avert injury to himself by entering the plea. There is no evidence that the defendant was misled or induced to plead guilty. This court held in *King* v. *State*, 91 *Ga. App.* 388, 390 (85 S. E. 2d 637) as follows: "But where, even though the evidence is conflicting, there is evidence from which it appears that the defendant was not misled or induced to plead guilty, the refusal of the court to allow the plea to be withdrawn after sentence is not an abuse of discretion. *Smith* v. *State*, 27 *Ga. App.* 270 (108 S. E. 121); *Sanders* v. *State*, 59 *Ga. App.* 748 (2 S. E. 2d 144); *Smith* v. *State*, 64 *Ga. App.* 312 (13 S. E. 2d 96); *Hilliard* v. *State*, 87 *Ga. App.* 769 (75 S. E. 2d 173)." When a judge, in the exercise of his discretion, refuses to allow a defendant to withdraw a plea of guilty the judge thus settles all conflicts in the evidence and is the exclusive arbiter of the facts. Such exercise of a sound legal discretion presupposes an application of settled rules of law to the facts found by the judge. In *Clark* v. *State*, 72 *Ga. App.* 603 (1) (34 S. E. 2d 608) this court said: "Before sentence is pronounced, the defendant may withdraw his plea of guilty as a matter of right. After sentence is pronounced, it rests within the sound discretion of the court as to whether the defendant will be allowed to withdraw his plea of guilty and enter a plea of not guilty." In *Rowland* v. *State*, 72 *Ga. App.* 793, 799 (35 S. E. 2d 372) this court said: "It is true, as contended by the State, that a plea of guilty stands upon the same footing as a conviction of guilty by a jury. . . It is well settled that a motion to withdraw a plea of guilty after sentence is pronounced is within the sound legal discretion of the court, and its judgment should never be reversed unless abused as a matter of law." See also *Cummings* v. *Perry*, 194 *Ga.* 424 (21 S. E. 2d 847), and *Smith* v. *State*, 64 *Ga. App.* 312, supra. In *Gatlin* v. *State*, 17 *Ga. App.* 406 (1) (87 S. E. 151) this court said: "It is a constitutional right of a defendant in a criminal case to have the benefit of counsel (Civil Code, § 6361); but he can waive this right. If the record shows that the accused did not have counsel, it is not cause for a new trial, unless it further appears that the right to have counsel was denied him." On page 408 of the same opinion this appears: "A constitutional right, like any

other right, may be waived; and while the constitutional right to have the benefit of counsel is a valuable and sacred one, and one that should never be denied or abridged, it is not a compulsory right." See also *Clarke* v. *Cobb,* 195 *Ga.* 633 (24 S. E. 2d 782) wherein the Supreme Court quoted from Judge Broyle's opinion in *Gatlin* v. *State,* supra, and held that the defendant was not denied his constitutional rights by not having benefit of counsel. It is our opinion that the defendant in the instant case was not ignorant of his rights and was given an opportunity to secure counsel but did not do so.

The trial judge did not abuse his legal discretion in refusing to allow the defendant to withdraw his plea of guilty.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*