### 43749. ALLEN v. THE STATE.

HALL, Judge. An indictment was returned against the defendant in February 1963 for larceny of an automobile, alleging two previous felony convictions in 1951. The indictment was one of several to which the defendant pleaded guilty and on which he was sentenced at the same time in August 1964. On the other indictments the defendant received 5-year sentences to be served concurrently. On this indictment he was sentenced 5 years with 3 years suspended and 2 years to be served following the concurrent 5-year sentences. In September 1967 the defendant filed his motion to withdraw his plea and set aside the sentence on this indictment. The trial court overruled this motion, and the defendant appeals.

The ground upon which the defendant contends he is entitled to relief from this sentence is in substance as follows: The defendant pleaded guilty to all the indictments, allegedly induced by the solicitor's promise that he would receive sentences to be served for a total of five years. At the trial the court made known and the defendant's attorney informed him what the court's sentence on this indictment would be and that it would make the total time to be served 7 years. Then, before the court sentenced the defendant, the solicitor promised him that he, the solicitor, would have the 2 years remitted, and upon this promise the defendant signed the plea of guilty on this indictment rather than withdrawing it.

It appears that the ground of this motion was previously raised by the defendant in a petition for habeas corpus and decided adversely to him. *Allen v. Caldwell,* 224 Ga. 47 (159 SE2d

289). Furthermore, while a defendant may move to withdraw a plea of guilty after sentence, he must do so promptly as was done in *Griffin v. State,* 12 Ga. App. 615, 617 (77 SE 1080). It should be remembered that the reason for allowing a defendant to set aside a conviction on a plea of guilty which was induced by hope for leniency offered by public officials, is not primarily to afford the defendant an opportunity to change his mind because the inducement or promises are not fulfilled, but to give effect to the law that only confessions understandingly and voluntarily made have probative value, and not those coercively induced by prosecuting officers in violation of law. See *Griffin v. State,* 12 Ga. App. 615, 622, 624, supra; *Welch v. State,* 63 Ga. App. 277, 280 (11 SE2d 42); *Smith v. State,* 64 Ga. App. 312, 313 (13 SE2d 96).

The record and the argument of the defendant's counsel itself shows that the defendant was represented at the sentencing by competent privately obtained counsel who clearly explained to him that he would be sentenced to serve 7 years instead of the 5 allegedly promised. The defendant argues that because of the assurance of the solicitor that he, the solicitor, would have 2 years of the sentence remitted he did not follow the advice of his attorney to withdraw his plea of guilty, and thereby he was denied effective assistance of his counsel.

The record abundantly shows that the defendant was intelligent and the foregoing facts show that he knowingly and intelligently and by his own affirmative decision and act rejected the advice of his counsel who insisted that he should withdraw his plea at that time. By his action the defendant waived his right to trial on the issue of his guilt. This refutes his contention that he was deprived of his counsel's assistance and misled by a reasonable expectation of hope. *King v. State,* 91 Ga. App. 388, 390 (85 SE2d 637). See also *Calloway v. State,* 115 Ga. App. 158, 162 (154 SE2d 291).

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

Argued July 2, 1968—Decided September 3, 1968—
Rehearing denied September 18, 1968—

*Frank B. Hester, Richard M. Hester,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw,* for appellee.