### A01A2355. WOODS v. THE STATE.
(563 SE2d 876)

SMITH, Presiding Judge.

William Leonard Woods, Jr. appeals from the trial court's denial of his motion to set aside his plea of guilty to one count of child molestation. He contends that his guilty plea resulted from ineffective assistance of Mr. Sexton, the lawyer representing him at the time of the guilty plea. Woods asserts that Sexton gave him incorrect information regarding the parole consequences of his plea and that this affirmative misrepresentation justifies setting aside his guilty plea under *Crabbe v. State*, 248 Ga. App. 314 (546 SE2d 65) (2001).

The State asserts that Woods did not assert his ineffective assistance claim "at the earliest practicable opportunity," *Herndon v. State*, 232 Ga. App. 129, 133 (3) (499 SE2d 918) (1998). While the motion to set aside Woods's guilty plea asserted that Sexton incorrectly advised Woods regarding the parole consequences of his sentence, it did not explicitly assert a claim of ineffective assistance. At the hearing on the motion to set aside, the hearing proceeded on the grounds of the voluntariness of Woods's plea. Counsel, however, argued that the plea was not voluntary due to ineffective assistance of counsel. But we need not reach the issue of whether Woods adequately preserved his underlying claim of ineffective assistance because his claim is without merit in any event.

To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determina-

tion with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

Woods's original motion asserted that his plea counsel erred in misinforming him that his sentence would be calculated by the State Board of Pardons & Paroles on a one-third basis, while in fact his offense was calculated on a 90 percent basis, requiring that he serve 90 percent of his sentence rather than one-third. At the hearing, Woods's counsel and the State attempted to stipulate to certain facts to avoid the necessity of testimony and to decide the motion on the basis of the law. The trial court noted Woods's original claim in his motion and inquired further, whereupon Woods's motion counsel stated that he was *not* asserting that Woods's trial counsel made the representation, only that Woods misunderstood:

> The Court: Now, you're not telling this Court that Mr. Sexton informed him that under the plea of the child molestation that he would only have to do one-third of whatever was sentenced?
> Mr. Stewart: Right.
> The Court: But that is what this person, Mr. Woods, believed to be.
> Mr. Stewart: Yes, sir.
> The Court: Not that — I know Mr. Sexton knows that's not the law. I mean, I just don't believe —.
> Mr. Stewart: Yes, sir.

Moreover, the State introduced a document identified by Woods as a letter he wrote to his son, in which he acknowledges the district attorney informed him that he would have to serve "mandatory 90% per cent [sic] of your time."[1] But in contradiction of his counsel's statement and his letter, Woods himself took the stand and asserted that Sexton indeed had made a direct representation to him that he would serve only one-third of his sentence. Sexton was not called as a witness and did not testify.

Here, Woods's motion counsel denied the very assertion that Woods later attempted to make in his testimony, and the trial court expressed its disbelief that trial counsel would have made such a representation. Woods failed to call his trial counsel to elicit his testimony on this point. "Generally if the claim of ineffectiveness relates to matters outside of the record, then trial counsel's testimony will usually be needed. . . . [I]f the claim involves matters during the

---

[1] Woods contended that he understood the 90 percent requirement applied only to the original charge of aggravated child molestation.

course of the trial as shown by the transcript, then trial counsel's testimony may not be required." *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988). And resolution of disputed issues of fact is for the trial court. *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997). "The trial court's denial of a motion to withdraw a guilty plea is a matter within the court's sound discretion and will not be disturbed on appeal unless manifestly abused. [Cits.]" *Swan v. State*, 251 Ga. App. 80, 81 (2) (553 SE2d 383) (2001).

> [W]here, even though the evidence is conflicting, there is evidence from which it appears that the defendant was not misled or induced to plead guilty, the refusal of the court to allow the plea to be withdrawn after sentence is not an abuse of discretion. When a judge, in the exercise of his discretion, refuses to allow a defendant to withdraw a plea of guilty the judge thus settles all conflicts in the evidence and is the exclusive arbiter of the facts. Such exercise of a sound legal discretion presupposes an application of settled rules of law to the facts found by the judge.

(Citations omitted.) *Fortson v. State*, 96 Ga. App. 350, 358 (100 SE2d 129) (1957). The trial court's decision to deny Woods's motion to set aside his plea was not clearly erroneous or an abuse of discretion.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED MARCH 18, 2002 —
RECONSIDERATION DENIED APRIL 8, 2002 —

*Marcus C. Chamblee*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.